SOPHIA ALLEN *v.* RENSELLAER FORD.

A complaint for bastardy may be prosecuted in the county in which the mother resides and has her settlement at the time of the complaint.

THIS was a complaint for bastardy. The complainant and respondent both resided in Bennington, in the county of Bennington, at the time the child was alleged to have been begotten. But at the time of making the complaint, the complainant resided in Wardsboro' in the county of Windham, and had resided there with her relatives from her infancy up to within two years before the child was begotten.— The respondent still resided in Bennington. The complaint was made and the warrant issued by a justice of the peace in Windham county.

In the county court the respondent moved to dismiss the complaint, on the ground that the justice of the peace had no jurisdiction of the case, as the parties both resided in the county of Bennington at the time the child was begotten and that the county court of Windham county had no jurisdiction for the same reason.

The county court overruled the motion and rendered judgment that the respondent was chargeable. The respondent excepted.

WILLIAMS, Ch. J.—To sustain the motion to dismiss, it must be shown that a prosecution for bastardy must be brought in the town where the child was begotten, without any regard to the residence of the parties, or place of settlement of the complainant. We see nothing in the statute to warrant the position, or in the nature of the prosecution which requires that it should be so. The proceeding, although it assumes in some measure the form of a criminal proceeding, is considered as a civil suit, and may be brought where the mother resides. In the case under consideration, the prosecution was not only brought in the town where the mother resides but in the town where she has her legal settlement. There would be more propriety in contending that it *must* be brought in the county where the mother has her legal settlement, or where *she* resides, as the overseers of the poor of the town, which is chargeable or likely to become chargeable for the support of such child, may prosecute the

WINDHAM,
February,
1839.

Allen
v.
Ford.

reputed father for such support, or control a prosecution already commenced in the name of the mother. The terms made use of in the first section of the statute, "any justice of the peace of the *same* county," on which so much reliance is placed in the argument, refer to the county of which the woman is an inhabitant, or where the prosecution is commenced, and neither help nor hurt any construction, which may be placed on any other part of the statute. The judgment of the county court is affirmed.

————————, for complainant.

*R. W. Smith*, for respondent.