LYDIA M. COOMES *v.* ORLANDO KNAPP.

Where a prosecution for bastardy is proceeding in the county court, in behalf
of a minor, it is competent, after a motion to dismiss is filed by the de-
fendant, for the court to allow a *prochien ami* to enter as prosecutor.

Quere.—Is the defendant entitled to the benefit of such motion after a gen-
eral imparlance?

THIS was a complaint for bastardy, entered in the county
court at the April term, 1838, and continued from term to
term, to the April term, 1839. At the latter term, the de-
fendant moved the county court to dismiss the suit because
the complainant, at the time of making her complaint, was
an infant, under the age of eighteen years, and made the
complaint, and prayed out a warrant thereon, in her own per-
son, and not by guardian or next friend, and also pleaded the
same facts in abatement. Whereupon, P. Dillingham jr.
prayed the court for leave to enter and prosecute the suit for,
and as the next friend of, the complainant.

The county court overruled the motion to dismiss, and
permitted the said Dillingham to enter and prosecute the
suit as the next friend of the complainant. To all which,
the defendant excepted.

A final judgment having been rendered in favor of the
complainant, in the county court, the cause came to this
court upon the exception above stated.

*Wm. Upham,* for defendant.

The motion and plea were founded upon the disability of
the plaintiff to prosecute her action in her own person, and,
if well grounded, the complaint and process should have been
quashed or dismissed from the docket. The defect was not
amendable, and if the plaintiff had proceeded to final judg-
ment in her own name, without a guardian or *prochein ami,*
it would have been error. Cro. Jac. 4. Cro. Eliz. 424. 2
Saund. R. 212, n. 4. Gould's Pl. 249.

In the case of *Hinman* v. *Taylor*, 2 Conn. R. 357, the
court ruled that a proceeding under the statute of bas-
tardy for maintenance of the child, is a *civil* suit, and the
plaintiff, if an infant, must sue by guardian or *prochein ami,*
otherwise, it is a ground of abatement.

In the case of *Sisco* v. *Harmon,* 9 Vt. R. 129, the same
principle was recognized and declared to be sound law. See

*Roby* v. *McNiece,* 7 Vt. R. 419.    Gould's Pl. 248–9.    Bing. on In. 118–19.    1 Tidd's Pr. 70–1–2.

In *ex parte Scott*, 1 Cowen's Rep. 38, the court set aside the declaration and all subsequent proceedings, because the plaintiff was a minor, and had sued in his own person, and not by guardian or next friend.    It seemed to be admitted, by counsel on both sides, in the case last cited, that the defect was fatal and could not be cured by amendment.    The process, in the case at bar, was good upon its face.    It required no amendment.

The motion was founded on the incapacity of the plaintiff to sue in her own person, and no amendment could give her capacity to sue in her own name.    1 Tidd's Pr. 651 to 654. 2 Tidd's Pr. 833 to 840.    N. Y. Dig. 612.

In *Wilder* v. *Ember*, 12 Wend. R. 191, the court decided that, in a suit by an infant, a *prochein ami* must be appointed before the suing out of process.    See *Comstock* v. *Carr*, 6 Wend. R. 526, where the court held that a judgment of *non pross*, by an infant defendant, will be set aside, if he defends by attorney instead of guardian.

*P. Dillingham jr.* for complainant.

The exceptions show that the defendant had, by his neglect, lost the opportunity of pleading in abatement, the matter set up in his motion, and, having lost the right, he could afterwards take no advantage of the plaintiff's infancy.

1. Whatever the doctrine once was, it is now well settled, that it is not indispensably necessary for an infant party, either plaintiff or defendant, to sue or defend by a guardian or next friend.    If an infant · defendant appear by attorney, and judgment be given against him, it is error ; but, in such case, the plaintiff will not be permitted to take advantage of defendant's appearance by attorney, as error, when judgment has been given in defendant's favor.    *Bird* v. *Pegg*, 5 B. & A. R. 418, reported in 16 Com. Law R. 12.    Saunders' P. & E. 580.

So, where an infant plaintiff sues by attorney, and not by guardian or next friend, and obtains judgment, it shall not be reversed on error.    2 Saund. R. 213, n. 5.    It can be taken advantage of only by plea in abatement.    1 Chit. Pl. 388. *Foxwist et al.* v. *Tremaine*, 2 Saund. R. 212.

If an infant plaintiff sue by attorney instead of guardian

or next friend, it is cured by verdict, and is not error. *Scher-*
*merhorn* v. *Jenkins,* 7 Johns. R. 373.

So infancy may be pleaded in abatement, but it is no cause
of nonsuit. Ex parte Scott, 1 Cond. R. 33 note b.

The foregoing authorities show conclusively that, defend-
ant having neglected to plead in abatement, it became whol-
ly unnecessary to have a next friend enter at all, and that
entry may be treated as surplusage.

The old reason given, why an infant plaintiff must sue by a
guardian or *prochein ami,* was, that there might be some per-
son responsible for costs. This reason is obviated, under
our practice of giving bonds to prosecute.

And though an infant plaintiff sues by guardian or next
friend, yet, if judgment be against him, execution will not is-
sue against the *prochein ami* or guardian, but against the in-
fant. *Smith* v. *Floyd,* 18 Mass. R. 275.

II. If, for the due prosecution of the suit, it was necessary
to have a guardian or next friend enter, there is no doubt
that the leave granted, in the nature of an amendment, was
both in season and within the discretion of the court. At
common law, the infant sues out process by attorney, and
the *prochein ami,* by leave of the court, is admitted before
pleading. 3 Chit. Prac. 117. Also, 7 Com. Law R. 158.
2 Saund. R. 117.

If a next friend might have been permitted to enter at the
first term of the court, it might have been permitted, with the
same propriety, at the last term, as nothing but continuances
had intervened.

It is well settled, that cases of this class are civil causes,
consequently, the county court may, in their discretion, per-
mit amendments, under such rules and terms as they shall
think are required by the justice and equity of the case. *Ro-*
*bie* v. *McNiece,* 7 Vt. R. 419.

III. This court have no jurisdiction of this question.—
Where amendments are within the discretion of the county
court, however improperly or injudiciously made, the exer-
cise of this discretion is not re-examinable by a court of er-
ror. 7 Vt. R. 424.

The opinion of the court was delivered by

BENNETT, J.—It has been determined by the courts of sev-

---

*Margin note:* WASHINGTON, July, 1839.

Coomes
*v.*
Knapp.

eral of our sister states, that the proceedings on a complaint against the reputed father of a bastard child, to procure an order of *filiation*, under statutes similar to ours, are civil proceedings, and it was also so held in this state, in the case of *Roby* v. *McNiece*, 7 Vt. R. 419, and, consequently, amendments may be allowed. In the case of *Hinman* v. *Taylor*, 2 Conn. R. 358, upon a complaint under the bastardy act of that state, it was held to be good matter, pleadable in abatement, that the complainant was a minor, and did not prosecute by guardian or next friend ; and this, we think, is sound law, though applied to a statutory process of this kind, which is *sui generis*. Whether, where an infant plaintiff appeared by attorney, and judgment was rendered in his favor, this was only matter pleadable in abatement at the common law, and not of error, seems somewhat questionable. In Williams' notes to Saunders, 2 Saund. R. 212, it is said to be matter of error, and *Rew* v. *Long*, Cro. Jac. 4, 1 Roll. 287, and *Bartholomew* v. *Deighton*, Cro. Eliz. 424, are cited to sustain the position. The latter seems to be an authority in point, it appearing from the report of the case that the judgment sought to be reversed was in favor of the infant; but the case in Cro. Jac. is silent in this important particular. In *Bird* v. *Pegg*, 5 B. & A. Rep. 428, it was decided, that where an infant defendant appears by attorney, and judgment is in his favor, the opposite party cannot make this the ground of error, and it seems to have been admitted by counsel, that no case was to be found in the books in which it had been held to be error, where the judgment was in favor of the infant party. In *Schermerhorn* v. *Jenkins*, 7 Johns. R. 373, it was held that the infancy of the plaintiff was not the ground of nonsuit at the trial, and that the defendant should have pleaded that matter in abatement, and that, by pleading in chief, he admits the due appearance of the plaintiff.

The general rule of pleading requires that, which is *only* matter in abatement, to be pleaded before an imparlance, and matter which goes to the disability of the person of the plaintiff does not form an exception. If we regard the defendant's plea and motion to dismiss as containing matter only of abatement, and not the ground of error, it might well be inquired whether he is not out of time in pleading it. But we are not disposed to decide the cause on this point.

There is other ground upon which we can satisfactorily pro-
ceed. The statute, under which this proceeding is had, pro-
vides, that when any single woman shall be delivered of a
bastard child, or shall declare herself with child, and that
such child is likely to be born a bastard, and shall, in either
case, charge any person, in writing and upon oath, before
any justice of the peace in the county, with having gotten her
with child, and being the father of such child, the justice, on
the application of such woman, shall issue his warrant, &c.

The statute makes no distinction in the inception of this
process. It extends to all single women, whether minors
or not, and provides expressly that the warrant shall issue
on her application. No good reason is perceived why a
prochein ami should be needed to put this process in motion.
The making of the complaint, under oath, is a personal
duty, and cannot be performed by proxy. The revised
statutes of New York require, that before any process shall
issue in favor of infants, a prochein ami shall be appointed,
and the case in 12 Wend. R. to which we have been refer-
red, was decided under that statute. In England, if an in-
fant is plaintiff, the writ may issue in his own name, but he
must declare by prochein ami or next friend. The infant
files his petition for the appointment of a prochein ami or
guardian; with a written acknowledgment from the prochein
ami that he consents to become such guardian, or they both
appear before the judge, and the appointment is made by the
special order of the court. If an infant be sued, without
notice to his guardian, the writ will not abate. Potter v.
Wright, Bray. R. 21. In such case, the court would con-
tinue the cause to cite in the guardian. It is sufficient, if,
before he puts in his plea, a guardian is appointed to appear
and defend for the minor. When, in this case, the warrant
had been issued and returned, and proceedings were to be
had, to determine whether the person was chargeable or not,
there was a propriety that the infant should have some one
to prosecute for her, and we see no objection in allowing Mr.
Dillingham to become the prochein ami. Then, indeed,
would seem to be the most appropriate time for the appoint-
ment of one, rather than at the time of swearing out the
process before the magistrate. We have no doubt that it was
within the discretion of the court to allow, at the time they

WASHINGTON, did, Mr. Dillingham to take upon himself the prosecution of
July,
1839        the suit. It was for the protection of the rights of the infant,
and in no way prejudicial to the rights of the defendant.
Coomes       Perhaps the English practice of requiring, in all cases, a *pro-*
*v.*         *chein ami* to be appointed, by special order of the court, to
Knapp.       prosecute for an infant, is the better practice, but we have
not been thus particular, and it has been usual with us to per-
mit a person, who appears before our courts in the capacity
of a *prochein ami* or next friend, to act as such, without call-
ing in question his right. When the *prochein ami* was per-
mitted, under the order of the court, to become a party to
the prosecution, it of course removed the ground of the mo-
tion to dismiss. We see no objections to the course of pro-
ceeding of the court below, and the judgment of this court
is, that there is no error in the records and proceedings of the
county court.