Robinson *v*. Dana.

## HANNAH ROBINSON *v*. HORACE DANA.

To exclude a witness from testifying, as being *non compos*, or an *idiot*, the fact must be proved by other testimony, and not by a preliminary examina-

Robinson *v.* Dana.

tion of the witness; and, even if the court have any *discretion*, by which they may *permit* such preliminary examination, still it is not error for them to refuse to allow it.

A prosecution for bastardy is not a civil cause, within the practical meaning and spirit of the statute allowing a review " in civil causes tried before the county court."

THIS was a prosecution for bastardy. At the trial in the county court the plaintiff was offered as a witness. The defendant objected to her admission, on the ground that she had not sufficient capacity to understand the obligations of an oath, and offered to examine her upon the stand, previous to her examination in chief, for the purpose of ascertaining her capacity and degree of understanding. It appeared that the plaintiff was about thirty five years of age. The plaintiff objected to such preliminary examination, and the court refused to allow it, and permitted her to testify in chief, to which the defendant excepted.

After verdict and judgment for the plaintiff, the defendant offered to enter a review of the cause, to which the plaintiff objected. The court decided that it was not a case in which, by the statute, the defendant was entitled to a review; to which decision the defendant also excepted.

*S. Fullam* for defendant.

1. We insist that a party, against whom a witness is called, is entitled to examine the witness, before he testifies, for the purpose of ascertaining whether he has understanding, memory, and a knowledge of the obligations of an oath. 1 Stark. Ev., 3d Am. Ed., 122. 3 Ib. 1728.

2. The Revised Statutes, p. 160, § 9, provide, that, in civil causes tried before the county court, either party may once, and no more, review his cause. This is a civil cause. *Hurd* v. *Seeker*, 12 Vt. 364. *Allen* v. *Ford*, 11 Vt. 367. *Coomes* v. *Knapp*, 11 Vt. 543. *Robie* v. *McNiece*, 7 Vt. 419.

*C. Coolidge* for plaintiff.

The opinion of the court was delivered by

HEBARD, J. The defendant at the trial at the county court objected to the plaintiff as a witness on account of imbecility of mind

and want of understanding, and to establish that fact, insisted upon the right to examine the witness herself to that point ; but the court decided against the claim of the defendant, as a preliminary step.

The law does not regard a person, under the age of fourteen, of sufficient understanding to be a witness, as a matter of course,—not, however, resulting from the loss of reason, or as being disqualified by any fortuitous circumstances, but resulting from a want of *maturity.* Hence the reason and practice of examining the witness upon that point, as to facts which could not be elicited as satisfactorily from any other source. But a witness of fourteen is regarded by the law as having arrived at the age of maturity, and as competent to give testimony, and whatever exists, that would exclude him from being a witness, except in case of being interested, should be established by testimony *aliunde.* If a witness is objectionable on the ground of *legal infancy,* is wanting in a sense of *moral obligation,* is a *lunatic,* or *non compos,* he cannot be permitted to testify ; but the fact should not be proved by the witness himself,—for he is as unsuitable to *prove,* or *disprove,* those facts, as any other. If the witness sustains a bad character for truth, he still may testify ; but other witnesses may be called upon to impeach him. If a witness possesses a *weak intellect,* he still may testify ; for although the law, by an arbitrary rule, has fixed upon the age that a person may legally be a witness, still the subtilities of the human mind, aided by all the *new discoveries,* and *modern improvements* in science and metaphysics have been unable to fix upon the exact quantity of *intellect* that is necessary to constitute a man of understanding. All the inquiries, therefore, upon that point, proper to be made of the witness, should be upon the cross examination, and the facts elicited become evidence to the jury, and not to the court.

Perhaps the court may exercise a *discretion,* in allowing this preliminary examination of a witness over fourteen, but it is not error in the court to refuse it.

The examination of a witness *under fourteen* is subject to the discretion of the court. The court may permit counsel to examine, but they are not bound to do so ; and when the court is satisfied of the competency of the witness, that is conclusive. In this case the witness was cross examined, for the purpose of testing her capacity and understanding, as affecting her credit with the jury, and

Robinson *v.* Dana.

this was the only purpose for which the examination was proper. If the defendant had offered to prove, by other witnesses, that the witness in this case was *non compos,* as was done in the case of *Livingston* v. *Kiersted et al.,* 10 Johns. 362, and the court had excluded the testimony, it would clearly have been erroneous. As it was, the court committed no error.

After verdict and judgment for the plaintiff, the defendant moved the court for leave to enter a review of the case, which the court refused. Was the cause reviewable? The proceedings in the case of *bastardy* are the peculiar provisions of the statute, adapted to a single class of cases, having no adaptation to the usual controversies between parties.

For some purposes it has been called a suit; and, so far as certain questions have arisen, it has been called a *civil suit,*—such as allowing an amendment of the papers, as in the case of *Robie* v. *Mc-Neice,* 7 Vt. 419,—the allowing a *prochein ami* to enter and prosecute, when the plaintiff was a minor, as in *Coomes* v. *Knapp,* 11 Vt. 543,—fixing the *venue,* as in *Allen* v. *Ford,* 11 Vt. 367,—and allowing the prosecutor to settle the prosecution, as in *Hurd* v. *Seeker,* 12 Vt. 364. But it is to be noticed, in all these cases, that they are called prosecutions, as they are styled by the statute; and although the object of them is to obtain a civil remedy for an individual, or private wrong, they are in form analagous to *criminal proceedings.* They commence by *complaint,*—a *warrant* issues, and a *recognizance* is taken for the appearance of the defendant, as in criminal matters. Nor do they originate with the county court. Although this prosecution cannot strictly be called an appeal from an inferior court, still it originates before a justice of the peace, and comes to the county court more in the nature of an appeal, than of an original suit.

The object of this proceeding is not to recover a *debt,* or a *penalty,* or a sum in *damages,* but to obtain a decree of affiliation for the support of the child; and this decree is subject to after contingencies and modifications. In short, it is apparent, that, although it may be regarded as coming within the *general language* of the statute, it does not come within its practical *meaning* and *spirit.*

The judgment of the county court is affirmed.