Orange,
March,
1835.

Riford
vs.
Montgomery.

---

## SARAH ROBIE vs. HUGH McNIECE.

Orange,
March,
1835.

A complaint for bastardy is a civil suit and may be amended.

On a complaint for bastardy, all that is required is, that the mother swear as to the begetting the child, and as to the father. It is not indispensable, that she swear, that she is a single woman.

After a verdict, it cannot be objected to such complaint, on a motion in arrest, that it is not stated, that the mother is with child, or had been delivered.

This was a complaint for bastardy, and read as follows, except the words in italics, which were inserted on permission to amend:

"To William Spencer, one of the justices of the peace within and for the county of Orange, comes Sarah Robie of Corinth, in said Orange county, single woman, in her proper person, and on oath complaint makes, that on or about the first day of November, A. D. 1833, at said Corinth, in said county of Orange, one Hugh McNiece of Corinth aforesaid did beget a child upon the body of her the said Sarah *Robie—that she is now pregnant with a child of her body, begotten by the said McNiece as aforesaid, and that at the time said child was begotten she was and still is a single woman and never married, and said Mc Niece* is the father of said child, which said child when born will, unless prevented by a prior marriage, be a bastard.

Wherefore the said Sarah Robie prays that a warrant may go forth to apprehend the body of the said Hugh McNiece, and that he may be brought before your worship and be made to answer the above complaint, and be further dealt with as to law and justice appertains, agreeably to a certain statute law of this state, passed Nov. 9, 1822, entitled, 'an act relating to bastards and bastardy.'

Sworn to, &c. SARAH ROBIE."

After verdict and before judgment thereon, the defendant moved to quash the complaint, and that no further proceedings be had thereon, for the following reasons:

1. It does not appear by said complaint, that the complainant is a single woman, and such allegation is not sworn to by the complainant.

2. It is not alleged by said complaint that said complainant was with child at the time of making said complaint.

ORANGE,
March,
1835.

Robie
vs.
McNiece.

3. Because said complaint is otherwise informal, defective and insufficient.

The court having overruled the above motion and rendered judgment for the plaintiff, the defendant excepted. Exception allowed, and certified.

Before trial the complainant moved for leave to amend the complaint, to which the defendant objected. The court decided that it might be done with the approbation of the justice of the peace to whom the complaint was made, and so far as the facts sworn to by the complainant before said justice would warrant. And with the consent of said justice, who was present in court, the following words were added after the word Sarah, to wit—" Robie that she is now pregnant with a child of her body, begotten by the said McNeice as aforesaid, and that at the time said child was begotten, she was and still is a single woman and never married, and the said McNeice"—and the copy of said complaint in court was amended accordingly ; after which the defendant objected to going to trial on the same as so amended, which was overruled by the court and the defendant put to trial. To all which the defendant excepted. Upon these exceptions the cause comes here for revision.

*Buck for defendant.*—I. The proceedings in prosecution for bastardy are strictly criminal and are adapted to the provisions of the statutes under which they originated, viz. 18 Elizabeth, c. 3, and 6 Geo. II. c. 31. The first of these statutes expressly provides for the punishment both of the father and mother as offenders against good morals.—1 Bac. Ab. 318. 1 Burns' Jus. 198, 177. The process, therefore, is subject to the same rules and liable to all objections applicable to other criminal processes.—Reeve's Do. Rel. 278.

It is no avoidance in this case of the consequences of the nature of these proceedings to say, that though the process is *criminal*, the object is civil, being the compulsion of the performance of a civil duty. The same may be said of many proceedings strictly criminal in all respects ; for instance, against a town for neglect of roads and bridges.

The complaint in this case, as originally made, is decidedly defective :

1. It does not comport with the *statute*. The statute, as we construe it, requires that ll the facts necessary to make out a case for prosecution shoul' ле on oath, viz ; that the complainant is a

single woman—is with child—that the defendant begot said child and is the father. None of these can be considered predicates merely, but are essential to give authority for the extraordinary and summary process of a warrant and imprisonment. Our statute is almost a verbatim copy of the 6th Geo. II. c. 31, and also corresponds with the statute of Connecticut, cited 1 Swift's Digest, 43. For form under each, see 1 Burns' Jus. 202–3, and 2 Swift's Digest, 784.

2. The complaint is not even sufficient to sustain an action at law, and a declaration thus defective would be adjudged bad. The complainant says, that the defendant begat a child upon her at a certain time, and if it ever shall be born, will be a bastard. Surely, upon so loose a declaration as this even a civil right could not be enforced at common law.

3. These defects in the complaint are not cured by verdict for reason that defective processes in criminal proceedings, or in form criminal, cannot be cured by verdict.

II. Under the first section we have considered the case under the motion to arrest. There is another question under exceptions.

We do not mean to say that the complaint cannot be amended. A grand jury may in court amend their indictment—an informer his information. The amendments in this case were not made by the complainant. She never swore to the facts contained in the amended complaint, and cannot be held to answer for perjury if the assertions were ever so false. She never signed the complaint nor made the charges therein contained in writing. This was done by the justice in court, who has no authority or control over the complaint more than any other scrivner would have.

*Smith and Peck for plaintiff.*—1. The court have not jurisdiction of this case; the decision of the court in allowing the amendment not laying the foundation for a bill of exceptions. The allowance or disallowance of amendments is not matter for which error lies.—*Chirac et al.* vs. *Reinickcr*, 11 Wheat. 280. *Walden* vs. *Den*—*Den* vs. *Craig*, 9 Wheat. 576. *Wright et al.* vs. *The Lesse of Hollingsworth et al.*, 1 Peters Rep. 165. So the arrest of judgment, or the granting or refusing a new trial, or a continuance, cannot be assigned as error.—*Fish* vs. *Weatherwal*, 2 John. Cas. 215. *Bayard* vs. *Malcomb*, 2 John. Rep. 101. *Henderson* vs. *Moore*, 5 Cranch, 11, 187. *The M. J. C. of Alexandria* vs. *Hodgson*, 6 Cranch, 206.

2. The court had authority to allow the amendment. This

ORANGE,
March,
1835.

Robie
vs.
McNiece.

ORANGE,
March,
1835.

Robie
vs.
McNiece.

proceeding is in the nature of a *civil suit*, and has the incidents of such a suit, one of which is, that it is amendable.—1 Swift's Dig. 45. *Herriman* vs. *Taylor*, 2 Conn. Rep. 357. *Fuller* vs. *The Town of Hampton*, 5 Conn. Rep. 416. *Hill, administratrix*, vs. *Wells*, 6 Pick. 104. *Mariner* vs. *Dyer*, 2 Greenleaf, 165. The application to amend was addressed to the discretion of the court below, and the propriety or impropriety of the amendment cannot be revised by this court.

3. The complaint, as originally drawn, is sufficient and contains all the necessary averments. It is according to the form adopted by Judge Aiken.—Aik. Prac. Forms, No. 227. The only objection taken is, that it is not alleged that the complainant was a single woman at the time the child was begotten. This averment is not required, as a married woman may be the mother of a bastard child, and an order of filiation made for its support. It is averred, that the defendant is the father of the child, and that it will be born a bastard unless prevented by a prior marriage. This is sufficient. But,

4. The defects, if any existed in the complaint, were cured by the verdict. The rule in which all the books agree is this; if the issue joined be such as necessarily to require, on the trial, proof of the facts defectively or imperfectly stated, or omitted, and without which it is not to be presumed, that either the judge would direct the jury to give, or the jury would have given the verdict, such defect, imperfection, or omission, is cured by the verdict at common law; or, in the phrase often used upon the occasion, such defect is not any *jeofail* after verdict.—1 Chit. Plead. 359. 1 Saun. 228, n. 1. Com. Dig. 578, n. L. 1. The questions submitted to the jury in the present case were two. First, was the complainant's child a bastard? And secondly, was the defendant its father? The issue joined necessarily required proof of these facts, and according to the general rule, the alleged defect is aided by the verdict.

The opinion of the court was delivered by

WILLIAMS, Ch. J.—The trial in the county court was on a complaint for bastardy. Before trial, the complainant moved for and had leave to amend her complaint. There was after verdict a motion in arrest, which was overruled, It is contended on the part of the complainant—

1. That the complaint was sufficient without any amendment.

2. If not, that the defects are cured by verdict.

3. That the county court had authority to amend.

Orange,
March,
1835.

Robie
vs.
McNiece.

It is in the first place necessary to determine whether the proceeding to procure an order of filiation on a complaint against the reputed father of a bastard child is a civil or criminal proceeding, as the determination of the other points must in some measure be governed by the views which we take of this. It is true the proceedings assume the form which is used in criminal cases. There is a complaint, oath, warrant, order to apprehend and bring the person charged before the session, or justice of the peace, and abide the order of court. The object, however, is not for punishment. It is to ascertain the father and compel him to contribute to the support of the child, if he is adjudged to be the father. The whole proceedings cease, if the woman dies or is married before the child is born, or shall miscarry. All this shows that punishment is not the object of the prosecution. The proceedings probably assumed the criminal form from the statute of Elizabeth, where bastardy was treated as an offence, and the object of the proceeding was two-fold, viz. for support of the child, and for punishment of the father. Furthermore, it is considered as a civil suit in all the neighboring states. Judge Reeve so considers it. Chief Justice Swift says so expressly. Depositions are admitted, bonds are given, plaintiff or complainant can withdraw or release prosecution, unless the overseers control, and even in that case, she can release, if she gives security to indemnify the town. It being considered as a civil proceeding, it has been held that the complaint may be amended.

Considering it as a civil suit, and subject to all the proceedings which are had in civil suits, we must treat the proceedings which have been had in this case in that light, in examining the questions which have been raised.

The complaint was agreeable to a form long known, and is not lightly to be set aside, unless the statute is imperative. All that the statute requires is, that the mother shall charge the person in writing and on oath with having gotten her with child and being the father of the child. It is sufficient that she appear before the justice as a single woman, and in that character make her complaint. The fact that she is a single woman is no part of the complaint, to which she makes oath, and of course it is not necessary that a direct allegation to that effect should be made and sworn to by her. It is more doubtful whether she should not declare herself to be with child, or that she has been delivered of a child, though the statute only requires her to swear, that the person charged has gotten her with child, and is the father of such

ORANGE,
*March*,
1835.

Robie
vs.
McNiece.

child. The more correct form would undoubtedly be, to insert this allegation directly ; but we are not prepared to say that either of these defects would be fatal to a complaint. The complaint sets forth that the defendant did beget the child, that he is the father, and that the child, when born, will be a bastard, and by inference necessarily charges that she was pregnant at the time of making the charge. But in this case a verdict has been found, which determines that the child was a bastard, and that the defendant was the father. If, then, the facts charged in this complaint were defectively stated, and even if it would not have stood before a special demurrer, yet we consider the verdict has cured any defects, if there were any, in this proceeding, even as the complaint appeared before any amendment was allowed. This renders it unnecessary to consider the question in relation to the amendment. But as this is made a point in the cause, we have also considered this question.

Amendments are usually in the discretion of the court. The exercise of this discretion is not re-examinable by a court of error. If an inferior court permit an amendment in a case where none is allowed by law, the exercise of that power may be a ground of error, when there would be no such ground, if the power was improperly or injudiciously exercised, in a case where there was no question as to the right to exercise it.

Having already considered that a proceeding against the father of a bastard child to obtain an order of filiation and for the support, as a civil suit, it follows that the proceedings were subject to amendment like other civil suits. It has been so considered in Connecticut and in Massachusetts. Hence the county court may, in their discretion, permit amendments under such rules and terms as they shall think are required by the justice and equity of the case. If a new fact is introduced by the amendment, to which it is necessary that a new oath should be taken, the oath should be administered anew. But if the amendment is only for the purpose of the introduction of a fact omitted through accident or carelessness, and to which the oath of the complainant was not necessary, it may be permitted, as in other cases, even on trial. The object of the oath, in the first place, is to obtain a warrant. It is only necessary therefore to swear as to the begetting the child and as to the father. There is no further examination as to other particulars, nor any cross-examination at this time. This is reserved for the trial in in the issue to be formed thereafter. Hence when the justice certifies that the complaint is sworn to, it can only mean that it is

sworn to in those particulars. An amendment like the one made in this case is only introducing facts into the complaint, to which it was not necessary that oath should have been made, and was properly permitted. The court observed a good degree of caution, (though I apprehend it was not necessary,) in requiring the approbation of the justice; and it was at least judicious and proper to prevent the complaint from appearing to contain facts sworn to by the mother, if she did not so make oath to them. It may be further remarked, that there is nothing appearing in this case to show that the amendment was not made either by the complainant herself, or at least with her approbation or consent.

On the whole, we see nothing in this case but that the proceedings of the county court were in every particular according to law, and their judgment must be affirmed.