[No. 1499. Decided November 20, 1894.]

WILLIAM CAMPBELL, *Respondent*, v. CHARLES SIMPKINS, *Defendant*, A. SADLIER, *Appellant*.

GARNISHMENT—JUDGMENT AGAINST GARNISHEE—AMOUNT IN CONTROVERSY—JURISDICTION OF SUPREME COURT.

When the only issue in a garnishment proceeding is as to whether or not the garnishee has in his possession personal property belong-

ing to the principal debtor, it is error, upon a finding against the garnishee, to enter a money judgment against him.

When the object of a garnishment proceeding is to ascertain the title and right of possession of personal property, instead of the recovery of money, the action is within the appellate jurisdiction of the supreme court although the principal debt may be less than two hundred dollars.

*Appeal from Superior Court, Pierce County.*

*John M. Boyle,* for appellant.

*Sharpstein & Blattner,* for respondent.

The opinion of the court was delivered by

STILES, J.—Respondent having commenced a suit against one Simpkins for the collection of a debt of $137.26, caused garnishment proceedings to be instituted against the appellant, alleging therein that appellant had in his possession a stock of wall paper, paints and oils, of the value of $1000, the property of Simpkins. The case turned on the question whether these goods were sold to appellant in payment of a pre-existing debt due upon a promissory note given by Simpkins to him for a loan of money, whether the transfer was a mere cover intended to prevent Simpkins' creditors from collecting their claims, or whether the value of the goods transferred was so grossly in excess of the debt due to appellant as to make the transaction a fraud upon Simpkins' creditors. There was no claim that appellant owed Simpkins any money.

The court instructed the jury that if they found that appellant's debt was *bona fide,* that he knew Simpkins to be indebted to other parties, and that the value of the property transferred was palpably in excess of appellant's debt, they should find for the respondent for the excess. And it also charged that if the transfer was merely in trust for Simpkins, the transaction was void and the finding should be for respondent. In either case the recovery was limited to $137.26, the amount of respondent's claim. The jury found for the respondent in the sum of fifty dollars.

It seems to us clear that the case was submitted to the jury upon an incorrect theory of the law. Under the statute (Laws 1893, Ch. 56, p. 95), the process of garnishment lies in but two instances, viz., where the garnishee is indebted to the principal defendant, and where he has in his possession personal property belonging to the principal debtor which is subject to execution. It is only where there is a debt due from the garnishee that a money judgment can be entered as the result of the proceeding. Where property subject to execution is found in the possession of the garnishee, the only order which the court makes is a decree that the garnishee deliver up to the sheriff on demand such personal property, or so much of it as is necessary to satisfy the plaintiff's claim. § 15; p. 100.

Now this case was of the latter description, and under the facts as they developed upon the trial, the jury could only find whether the alleged sale was one made in good faith, or was a fraudulent pretense for the purpose of hindering and delaying creditors, or that the value of the goods was so greatly in excess of the appellant's debt as to make the transaction amount to a fraud upon creditors. If they found the first, the discharge of the garnishee would follow ; and if either of the last, the property itself must have been turned over under the pain of contempt as provided for in § 16. It is difficult to see how such a case could be properly submitted to a jury except upon special issues.

A garnishment of this kind is within the jurisdiction of this court whether the principal debt be more or less than two hundred dollars. The object of the proceeding is to ascertain the title and right of possession of personal property, and not to recover money.

The judgment is reversed and the cause remanded for a new trial.

DUNBAR, C. J., and SCOTT, ANDERS and HOYT, JJ., concur.