## T. W. WILLIAMSON v. THE OKLAHOMA NATIONAL BANK.

### (Filed July 30, 1898.)

1. GARNISHMENT—*Liability of Garnishee—Instructions—Error.* Section 213 of the Statutes of 1893, concerning garnishment, provides that from the time of the service of the summons upon the garnishee, he shall stand liable to the plaintiff to the amount of property, moneys, credits and effects in his possession and under his control, belonging to the defendant, or in which he is interested, to the extent of his right and interest therein. In a proceeding under this statute, in which evidence was offered to show only that the garnishee had shares of stock in a corporation in his hands, transferred to him by way of sale, and in which proceeding it was sought to be shown that the transfer was fraudulent, and no evidence was offered tending to show that the garnishee was in any manner or upon any account indebted to the principal debtor, it is error to instruct the jury that they may return a money verdict. The jury should be instructed to ascertain and return a finding whether or not the garnishee has in his possession personal property belonging to the defendant, and if so, what that property is.

2. PROPERTY—*Transfer of—Right of Purchaser.* A person is not precluded, under the law, from purchasing property from one who is involved deeply in debt, and unable to meet his obligations, notwithstanding the purchaser have knowledge of such indebtedness, provided the purchaser buys in good faith, for a valuable consideration, and pays a reasonable value therefor, and without knowledge that the sale was made for the purpose of defrauding the just creditors of the grantor; and under the circumstances of the case, it was erroneous to refuse an instruction which so stated the law to be.

(Syllabus by the Court.)

*Error from the District Court of Oklahoma County; before J. R. Keaton, District Judge.*

*B. F. Burwell,* and *Douglas & Douglas,* for plaintiff in error.

*R. G. Hays* and *J. S. Jenkins,* for defendant in error.

### STATEMENT OF FACTS.

This was a proceeding in garnishment brought by the

Oklahoma National bank, as plaintiff below, against Williamson, as garnishee, and Dowden.

On August 13, 1895, the Oklahoma National bank brought suit against E. W. Dowden, in the district court of Oklahoma county, to recover judgment on a promissory note for $2844.30, executed by Dowden, September 11, 1894, and due March 11, 1895, with interest. Judgment was rendered against Dowden on the 13th of December, 1895, for $3,429.50.

On August 20, W. R. Dobbin, as agent for the Oklahoma National bank, filed an affidavit in garnishment in the case, to the effect that "he was agent of the plaintiff; that the defendant was indebted to the plaintiff in the sum of $2,844.30, with interest and costs; that he verily believes that Mrs. Mae Dowden and T. W. Williamson are indebted to and have property, real or personal, in their possession, or under their control, belonging to the defendant, E. W. Dowden; that defendant has no property "liable to execution sufficient to satisfy plaintiff's demand; that the indebtedness of property mentioned here'n, in the possession or under the control of Mrs. Mae Dowden and T. W. Williamson is, to the best of the knowledge and belief of this affiant, not by law exempt from seizure or sale upon execution." Garnishee summons was issued upon this affidavit, and served upon Williamson the same day.

On September 3 Williamson filed his answer in garnishment, averring the service of the garnishment, and that "he is now in no manner, and upon no account, indebted or under liability to the defendant, E. W. Dowden, and that he then had, and now has, in his possession or under his control, no real estate and no personal property, effects or credits of any description, belonging to

the defendant, or in which he has any interest, and is in no manner liable as garnishee."

On September 16, 1895, the plaintiff served notice upon Williamson, as garnishee, notifying him that the plaintiff elected to take issue upon the answer filed by him. Upon the issues between the plaintiff and the garnishee, Williamson, thus framed, the case was tried on the 13th of April, 1897, before a jury.

It appeared in evidence that about the 25th of May, 1892, Dowden, Williamson and M. M. Williamson, the wife of the garnishee, organized and incorporated a wholesale grocer company, under the name of the Dowden-Williamson Grocer company, with a capital stock of $25,000, which was divided into 250 shares of $100 each; that the entire stock of the company was issued on May 25, 1892, to the above named persons, to-wit: to E. W. Dowden, 125 shares, and to T. W. Williamson and M. M. Williamson 125 shares. At that time Dowden had but $6,000. He borrowed the remainder of the necessary sum of $12,500 to pay for his stock. Subsequently be became a borrower from Mr. Williamson, and by successive hypothecations and sales of stock, all of his certificates of stock were transferred and held by his wife, Mrs. Mae Dowden, and one Tanner, until August 17, 1895, when the entire 125 shares of the sotck of the grocer company were transferred to T. W. Williamson, for the alleged sum of $21,000, when all the certificates previously issued to E. W. Dowden, and the successive reissues of the same to his wife, Mrs. M. I. Dowden and J. R. Tanner, were surrendered and cancelled, and reissued to Williamson. In paying for this stock, Mr. Williamson cancelled an indebtedness due from Dowden to Tanner and paid a certain amount of cash, and executed three negotiable

promissory notes for $5,000, with interest, payable in six, twelve and twenty-four months respectively.

Evidence was adduced to show that Williamson was worth from $35,000 to $40,000, over and above his indebtedness, and that his financial standing was good, and that he was able to pay the notes at maturity. No evidence was offered tending to show that he was indebted to the defendant upon any other account or to any other extent, or in any other manner, nor. tending to show that he was in possession of any property belonging to the defendant, E. W. Dowden, unless it should be found that the shares of stock, 125 in number, that he had purchased and settled for on the 17th day of August, 1895, could be found by the jury to belong to and be the property of E. W. Dowden. Williamson testified that he had no knowledge that Dowden was in debt, or in embarrassed circumstances, until about the time of the transfer, August 17, 1895, and that he had no knowledge whatever that Dowden had any purpose to defraud his creditors.

The jury were instructed that they could not return a "verdict against the defendant herein, (Williamson, the garnishee) for any indebtedness he may have owed the said E. W. Dowden, on a negotiable promissory note or notes, but must find a verdict against the defendant, if at all, on the ground that the sale and transfer of the stock by said E.W. Dowden to said defendant was made by said Dowden with the fraudulent purpose of cheating, hindering or delaying his creditors, or some one of them, and that the said Williamson had knowledge or notice of such fraudulent purpose, as explained in these instructions." The defendant garnishee requested an instruction of the court to the effect, that: "I further in-

struct you that a person is not precluded under the law from purchasing property from one who is involved deeply in debt, and unable to meet his obligations, notwithstanding the purchaser may have knowledge of such indebtedness, provided the purchaser buys in good faith, for a valuable consideration, and pays a reasonable value therefor, and without knowledge that the sale was made for the purpose of defrauding the just creditors of the grantor."

The instruction which the court gave, as above stated, was objected to and excepted to by the garnishee, as was also the ruling of the court upon the instruction, as last above stated, in which the instruction offered by the garnishee was refused.

The jury returned a verdict for the plaintiff, and against the defendant, T. W. Williamson, and assessed the damages against him at $3,429.50.

Opinion of the court by

McATEE, J.: The errors assigned were argued in the brief of the plaintiff in error, in the first place, upon the proposition that the court had no power under the evidence, to instruct the jury that they might return a money judgment, nor to enter up the judgment after the verdict, for a specified amount of damages, and that it had no power to enter up the judgment upon such a verdict.

The statute, Code of Civil Procedure, sec. 213, Statutes of 1893, provide that:

"From the time of the service of the summons upon the garnishee he shall stand liable to the plaintiff to the amount of the property, moneys, credits and effects in his possession or under his control, belonging to the defendant or in which he shall be interested, to the extent

of his right or interest therein, and of all debts due or to become due to the defendant, except such as may be by law exempt from execution. Any property, moneys, credits and effects held by a conveyance or title, void as to the creditors of the defendant, shall be embraced in such liability." * *

The court properly instructed the jury that they could not find a verdict against the defendant for any indebtedness he may have owed the said Dowden on negotiable promissory note or notes. The jury could not have rendered any verdict against the garnishee except upon the supposition that the transfer of stock of August 17, 1895, was in fraud of creditors, that Williamson was in collusion with it, that the transfer then made was not valid, and that the stock remained the property of E. W. Dowden. Upon the supposition that this was true, Dowden's right would have been to the ownership of the 125 shares of stock, and the possession and ownership of those shares of stock would have been, in the language of the statute, "the extent of his right or interest therein," and no further or other; and the finding of the jury, under the evidence, and in the absence of any evidence showing any indebtedness from Williamson to Dowden, other than that which has been stated, would have been to ascertain and state what property, if any, the jury found to be in the possession of Williamson, which was the property of Dowden. The issues which were formed by the affidavit in garnishment of the plaintiff, and the affidavit of the garnishee filed as an answer, are (1) whether the garnishee was indebted to the defendant, Dowden, and (2) whether he had property in his possession or under control, belonging to the defendant, and in the absence of evidence tending to show indebted-

ness under the first averment, and the evidence having been confined to the question of the possession and ownership of the shares of stock only, which passed into the possession of Williamson on the 17th day of August, 1895, the finding of the jury should have been confined, by proper instructions, solely to the point whether the garnishee had, or had not, any property in his hands at the time the garnishment was served upon him, which was not liable to execution, and which was sufficient or insufficient to satisfy the plaintiff's demand. And this has been the holding of the courts.

It was said in *Rasmusser v. McCabe*, 43 Wis., 471, that: "Where a justice finds that the garnishment holds the property of the defendant, to be delivered at another date, the judgment should be that he deliver the property to the court on such date, for the plaintiff's benefit, and on his failure to do so, judgment should go against him for the value."

And it was said in *Poland v. Blackan*, 94 Tenn. 596, that a garnishee found to have in his possession for collection a promissory note, belonging to the defendant, cannot be subject to a personal judgment, and that where the only issue in the garnishment proceding is whether or not the garnishee has in his possession personal property belonging to the defendant, it is error to enter either a general or a money judgment against him. (Ency. of Pl. and Pr. 9 Vol. p. 848.)

And that the judgment against a garnishee must be so framed to leave him in the position no worse than if he had been proceeded against by his own creditor, and must protect him against claims of third parties. (9 Ency. of Pl. and Pr. 848.)

And since the creditor could have no other right than to the stock itself, a finding by the jury could have been no other in the case than that shares of stock in the Dowden Williamson Grocery company were in the hands of Williamson as garnishee, and that they were the property of the defendant, Dowden.

It was said in *Howell v. Leafgreen,* (Colo.) 32 Pac. Rep. 80, that: "It is a well settled rule of law that the garnishee is not chargeable unless the defendant could recover of him what the plaintiff seeks to secure by garnishment." Citing, Wap. on Attachment, 202, and Drake on Attachment, sec. 458.

It is the rule in the federal courts and has been so held in most of the state courts.

It was said in *Armstrong Company v. Culbert,* (Tex.) 36 S. W. Rep. 139 that: "The process also runs against the property of the debtor that may be in the hands of the garnishee at the time of the service of the writ and answer, and such process creates a lien of the creditors upon such property." (*Vock v. Blenn,* 82 Tex. 436.)

And that: "The logic of the rule is, as between the garnishee and the creditors of the lien, that the law will take such property in his hands as is belonging to the debtor."

And it was said in *Campbell v. Simpkins* (Wash.) 38 Pac. Rep. 1039, that: "The issue in garnishment being whether a sale of goods by defendant to the garnishee was in fraud of creditors, a money judgment cannot be rendered against the garnishee, as on the finding by the plaintiff, the court must, under the statute, order the goods turned over."

And it was there said, that: "It is only where the

debt in due from the garnishee, that the money judg-ment can be entered as a result of the proceeding."

And it was further said, that: "Where property subject to execution is found in the possesion of the garnishee, the only order which the court makes is a decree that the garnishee deliver up to the sheriff, on demand, such personal property, or so much of it as is necessary to satisfy the plaintiff's claim."

In that case the supreme court of Washington, interpreting a statute of that state which embodied, as we understand it, the uniform rule, held that the lien or garnishment fixes itself upon such property or assets as may be at the time in the hands of the garnishee, belonging to the debtor, and entitles the garnisheeing creditor to such remedy as the debtor in the cross-suit would have against the garnishee, and the court there added, that: "The object of the proceeding is to ascertain the title and right of personal property, and not to recover money."

In *Parson v. Holman*, (Wis.) 12 N. W. Rep. 394, it was held, that: "Property in the hands of the fraudulent purchaser is held by him in trust for the creditors of his fraudulent vendor, and where the property is converted into money, the money is embraced with the same trust."

And the court there declared, that the holding there would be that no title would ever pass from the fraudulent debtor to the garnishee who was aware of and colluded in the fraud, and that the property itself would he held for the creditors, unless the fraudulent garnishee had sold and received the money, in which event he would be responsible for the money for the benefit of the creditor.

And in a garnishment proceeding in Pennsylvania, Judge Sharswood, in *Poor v. Culberland,* 57 Pa. St. 417, held that a verdict which found a specific amount of money was erroneous, and that no judgment could be entered upon it, and that the verdict should have found how much money was in the hands of the garnishee, belonging to the defendant.

It was said by the supreme court of that state in *Bonafen v. Thompson,* 83 Pa. St. 462, that: "A verdict by a jury in garnishment for a specific sum of money for the plaintiff, under the garnishee's plea of *nulla bona,* without stating that the garnishee had money or effects belonging to the defendant, in his possession, was bad, and the judgment founded thereupon was erroneous."

The instruction which was requested by the garnishee, to the effect that "a person" is not precluded, under the law, from purchasing property from one who is involved deeply in debt, and unable to meet his obligations, notwithstanding the purchaser may have knowledge of such indebtedness, provided the purchaser buys in good faith for a valuable consideration and pays a reasonable value therefor, and without knowledge that the sale was made for the purpose of defrauding the just creditors of the "grantor," was a correct statement of the law, applicable to the facts adduced in the case, and not covered by any other instruction which was given by the court. The refusal to give this instruction to the jury was, we think, material error.

The judgment below will be reversed and the cause remanded for further proceedings.

Burwell, J., who was of counsel, not sitting; all of the other Justices concurring.