[No. 4582.   Decided September 10, 1903.]

FRED EIDEMILLER *et al., Appellants,* v. S. M. ELDER *et al., Respondents.*

GARNISHMENT — ERRONEOUS     JUDGMENT — INJUNCTION     IMPROPER REMEDY.

Injunction will not lie to restrain the enforcement of a judgment against garnishees, where the court had jurisdiction of the subject-matter and the parties, since the remedy of the garnishees, if a finding of indebtedness to the principal defendant

was not justified by the evidence, was the correction of such error by appeal.

SAME — MONEY JUDGMENT AGAINST GARNISHEE WHO DISPOSES OF PERSONAL PROPERTY.

The fact that garnishee defendants disposed of property of the principal defendant after the service of the writ of garnishment on them would not deprive the court of jurisdiction to make a finding of indebtedness to the principal defendant and enter judgment accordingly.

Appeal from Superior Court, Pierce County.—Hon. WILLIAM O. CHAPMAN, Judge. Affirmed.

*Robert B. Lehman* and *T. W. Hammond,* for appellants:

The court will enjoin enforcement of a void judgment in garnishment, especially where an execution regular on its face may be issued. *Missouri Pacific Ry. Co. v. Reid,* 34 Kan. 410.

A garnishment proceeding is purely statutory, in derogation of the common law, and the powers of the court are limited strictly to those conferred by the statute. 2 Wade, Attachments, § 333; Rood, Garnishments, § 6. A money judgment is authorized in garnishment under our statute only when it appears that the garnishee is indebted to the defendant. Bal. Code, § 5402; *Campbell v. Simpkins,* 10 Wash. 160. If it appears that the garnishee has property in his possession or under his control belonging to the defendant, a decree is to be entered requiring the garnishee to deliver it to the sheriff. And if he fails or refuses to deliver the property as so required, he may be punished for contempt of court. Bal. Code, §§ 5404, 5405. In this case it appears affirmatively from the findings of the court that the garnishee was not indebted to the defendant, but had property belonging to him. The

judgment [for the recovery of money] being thus in excess
of the authority of the court was utterly void. *United
States v. Walker,* 109 U. S. 267 (27 L. ed. 927). It is
not enough to make this judgment merely erroneous that
the court had jurisdiction of both the parties and the sub-
ject-matter of the proceeding, for the judgment of a court
of competent jurisdiction is a nullity when rendered with-
out authority of law. *Ritchie v. Sayers,* 100 Fed. 530. If
the court be not engaged in the exercise of its inherent
jurisdiction, but under a special power given by statute,
its judgments in excess of that power are void. *Folger v.
Columbian Ins. Co.,* 99 Mass. 267.

*Ellis & Fletcher,* for respondents:

A judgment cannot be reviewed by a bill in equity.
*Forquer v. Forquer,* 19 Ill. 67. Equity will not interfere
where there is a full and adequate remedy at law. *Bank
of United States v. Moss,* 6 How. 30 (12 L. ed. 331);
*Crist v. Cosby,* 69 Pac. 885; *State ex rel. Hibbard v Su-
perior Court,* 21 Wash. 631; *Schwab v. Madison,* 49 Ind.
329; *Holmes v. Rogers,* 13 Cal. 191; *Logan v. Hillegass,*
16 Cal. 201; *Sanchez v. Carriaga,* 31 Cal. 170; *Chezum v.
Claypool,* 22 Wash. 498. The only question is, is this the
judgment that the court intended to enter? Not whether
it is right or wrong. Such a question could only arise
upon an appeal. *Durning v. Burkhardt,* 34 Wis. 585;
*Pinger v. Van Click,* 36 Wis. 141; *Duffey v. Houtz,* 105
Pa. St. 96; *Turner v. Christy,* 50 Mo. 145; *Milam County
v. Robertson,* 45 Tex. 222; *Wooldridge v. Quinn,* 70 Mo.
370; *Pierson v. Benedict,* 48 Pac. 996; *Jones v. Driskill,*
94 Mo. 190; *Scott v. Pleasants,* 21 Ark. 364; *Kizer v.
Caufield,* 17 Wash. 417; *Boston National Bank v. Ham-
mond,* 21 Wash. 158; *Mayo v. Ah Loy,* 32 Cal. 477.

The opinion of the court was delivered by

DUNBAR, J.—This suit is brought to enjoin the enforcement of a judgment rendered against appellants in garnishment proceedings. The case was tried in the court below and dismissed. Appellants appeal from a judgment dismissing the suit, and assign as error the action of the court in denying their motion for judgment on the pleadings, and in giving judgment dismissing the cause.

The original judgment was for $125.10, and $27.25 costs. The facts were tried to a jury, to which was submitted special findings; and the jury found, among other things, that said garnishee defendants were in possession of personal property belonging to the principal defendant, C. N. Edmiston, of the value of $1,500. The court further found that said personal property so found to be in possession of the said garnishee defendants at the time of the service of the writ was, after the service of the writ of garnishment, and prior to said trial, disposed of by said garnishee defendants, and placed beyond their control; that the said garnishee defendants were not able at the time of the trial to produce said property, or to deliver the same to the sheriff for sale to satisfy plaintiffs' judgment against the principal defendant in the action; that the property found to be in the possession of the garnishee defendants at the time of the service of the writ of garnishment, and which had been placed by them beyond their control, was of the value of more than sufficient to pay plaintiffs' judgment; that it would be fruitless to order or decree said garnishee defendants to deliver up said property to the sheriff for sale to satisfy plaintiffs' judgment; and that the garnishee defendants, by their disposal of said property, had converted the same to their own use, and had thereby made themselves liable to the plaintiffs for the payment of plaintiffs' judgment against the prin-

cipal defendant and entered judgment accordingly. It is the contention of the appellants that the court had jurisdiction only to the extent of entering judgment in a contempt proceeding against the garnishee defendants for refusing to deliver the property of the principal defendant to the sheriff, and that the judgment entered was absolutely void, and *Campbell v. Simpkins,* 10 Wash. 160 (38 Pac. 1039), is cited in support of this contention. But this was a case directly on appeal from a judgment where the only question at issue was whether or not the garnishee had in his possession personal property belonging to the defendant, and did not at all involve the questions arising in the case at bar. Here not only did the court find that the garnishees were indebted to the defendant, but that was probably the only reasonable finding that could have been made under the facts proven; for, if the garnishee defendants disposed of the property after the service of the writ upon them, they would, in effect, be indebted to the defendant, and a proceeding under § 5405 would be unavailing. It is not the intention of the law to allow a garnishee defendant to escape his responsibility by such methods. This view of the law is directly sustained by *Thayer v. Partridge,* 47 Vt. 423, and *Rasmussen v. McCabe,* 43 Wis. 471, and seems to us to be in accordance with the spirit and reason of the Code. In any event, the court had jurisdiction of the parties to the action and of the subject-matter, with power to enter judgment in the garnishment proceeding; and if the conclusion reached, that the garnishees were indebted to the defendant, was not justified by the evidence produced at the trial, that was an error which should have been corrected on appeal.

The judgment is affirmed.

FULLERTON, C. J., and HADLEY, MOUNT and ANDERS, JJ., concur.