## S. O. MAXEY & CO. v. CROWL.

No. 25402. April 2, 1935.

MacDonald & MacDonald and Tom G. Haile, for plaintiffs in error.

Arnote & Arnote, for defendant in error.

RILEY, J. Plaintiff in error entered into a contract with the State Highway Commission under which it gave the statutory bond for payment for all labor and material performed and furnished in laying the pavement.

Plaintiff in error contracted with Massey et al., a corporation, to furnish sand for said project.

When the contract was completed plaintiff in error owed Massey et al. a balance of some $662. Within six months after the contract was completed, suits were commenced against plaintiff in error and his bondsmen by parties claiming to be assignees of certain laborers who had assigned to them claims against Massey et al. for work, labor, etc., in furnishing the sand. Other actions had been instituted on said bond, all such claims aggregating some $2,800. In the meantime Massey et al. had become indebted to defendant in error herein for goods, wares, and merchandise sold and delivered.

Thereupon defendant in error commenced action against Massey et al., and obtained a judgment in the district court, and then sued out a writ of garnishment against plaintiff in error.

Plaintiff in error answered setting up the facts as stated above and alleging that Massey et al. were insolvent and claimed the right to retain the $662 which it owed Massey et al. in order to protect itself against the suit on its statutory bond, Massey et al. being insolvent.

Issues were joined upon the answer of the garnishee and trial had, resulting in a judgment against plaintiff in error as garnishee.

The general rule is that a garnishee is not chargeable unless the defendant could recover of him what the plaintiff seeks to secure by garnishment. Williamson v. Oklahoma Nat. Bk., 7 Okla. 621, 56 P. 1064.

Defendant in error has filed no brief herein and has offered no excuse for failure to file a brief.

Plaintiff in error has filed its brief citing authorities which appear to sustain its contention.

In such circumstances we are not required to search the record to find some theory upon which the judgment of the trial court may be sustained. But, where the authorities cited in the brief of plaintiff in error appear reasonably to sustain the assignments of error, the judgment will be reversed and the cause remanded with directions.

The judgment is reversed and the cause is remanded, with directions to vacate the judgment against the garnishee and enter judgment for garnishee as prayed for in the petition in error.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, WELCH, PHELPS, CORN, BUSBY, and GIBSON, JJ., concur.