## ED HOCKADAY & CO. v. RANDOLPH, Adm'x.

No. 26690.  Nov. 24, 1936.

Louis Reilly, for plaintiff in error.

L. H. Lookabaugh, for defendant in error.

PER CURIAM. This action was originally commenced on the 8th day of October, 1932, in a justice of the peace court, in the city of Watonga, Blaine county, Okla., by defendant in error, against one Joe Jantzen, to recover the sum of $100, alleged to be due for rent on certain pasture lands for the year commencing August 1, 1931, and ending August 1, 1932. Upon the filing of affidavit in garnishment by defendant in error, garnishment process was issued and served upon plaintiff in error, Ed Hockaday & Company, which filed its answer denying it was indebted to or had property in its possession belonging to the defendant, Joe Jantzen. Defendant in error took issue with said answer, and upon trial thereof, the justice of the peace dismissed the garnishee, holding that said garnishee was not indebted and did not have in its possession any property belonging to said defendant Joe Jantzen. The plaintiff therein prosecuted an appeal therefrom to the district court of Blaine county, Okla., and from an adverse judgment, the garnishee has duly perfected an appeal. The issues herein presented do not involve the principal defendant, as the judgment against him has become final. For convenience we will hereinafter refer to the parties as they appeared in the lower courts.

Numerous assignments of error are briefed and argued by the garnishee defendant and by the plaintiff in her cross-appeal, but we deem it unnecessary to discuss the same, because the following proposition urged by the garnishee is determinative of the case:

"Garnishment does not lie in favor of the plaintiff herein for the reason that, even though the defendant was indebted to the plaintiff, the garnishee was in no wise indebted to the defendant, and had no property of any kind belonging to the defendant."

The uncontradicted evidence discloses that upon the date of the service of the garnishment process upon said garnishee, it was not indebted to, and did not have any property in its possession or control belonging to said principal defendant. The record does show that a portion of the defendant's share of the wheat, grown and harvested upon the premises owned by plaintiff, was de-

livered to the garnishee on the 9th day of July, 1932, nearly three months prior to the service of garnishment summons, and the evidence further is undisputed that said wheat was accepted by the garnishee, by mutual consent and contract between the defendant and the garnishee, in part payment of pre-existing obligation owed said garnishee by the defendant. There was no attempt to enforce a landlord lien by attachment or otherwise. The defendant and the garnishee testified that the garnishee was not indebted to the said defendant, and plaintiff did not introduce any evidence to refute this testimony. Under this state of the record, there can be no doubt that the defendant could not maintain an action against the garnishee for the wheat in question, or its value, and therefore, the garnishment must fail.

The rule is correctly stated in case of S. O. Maxey & Co. v. Crowl, 171 Okla. 337, 41 P. (2d) 254, wherein this court says:

"The general rule is that a garnishee is not chargeable unless the defendant could recover of him what the plaintiff seeks to secure by garnishment. Williamson v. Oklahoma Nat. Bank, 7 Okla. 621, 56 P. 1064."

This court, in case of Tucker v. Ware, 169 Okla. 401, 37 P. (2d) 623, quotes with approval from Shinn on Attachment and Garnishment, vol. 2, sec. 482, wherein this court says as follows:

"The same rule is more clearly stated in the case of Jacobs v. Colcord, 136 Okla. 158, 275 P. 649, where the second syllabus paragraph is as follows:

" 'A garnishment proceeding is no more than a substitution of the plaintiff for the defendant debtor in the enforcement of any liability against the garnishee, and therefore the plaintiff can acquire no greater rights against the garnishee than the debtor himself possessed or could enforce'."

Plaintiff elected herein to recover upon an action for a debt and invoked the garnishment statutes in aid thereof. The plaintiff did not elect to sue the garnishee as a principal defendant; no issues are raised or presented upon which the trial court could have determined that plaintiff had a landlord's lien upon the wheat, and thus the trial court erroneously decreed a landlord's lien existed in favor of the plaintiff as against the garnishee defendant.

As stated in case of Wright v. Farmers Nat. Bank, 116 Okla. 74, 243 P. 512:

"A judgment of the court which is outside of the issues in the case, and upon a matter not submitted to the court for its determination, is a nullity and not binding upon any party to the action."

For the reasons stated, there being no evidence to sustain the judgment, and same being without the issues in the case, the case is reversed and remanded, with instructions to dismiss the garnishee at the costs of the plaintiff.

The Supreme Court acknowledges the aid of Attorneys T. H. Williams, Jr., and Frank Bailey in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. T. H. Williams, Jr., and approved by Mr. Frank Bailey, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, WELCH, CORN, and GIBSON, JJ., concur. RILEY, BUSBY, and PHELPS, JJ., absent.