## OHIO CASUALTY INSURANCE CO. v. GOODMAN.

No. 22610. Opinion Filed Oct. 11, 1932.

Rehearing Denied June 13, 1933.

Billups & Billups, for plaintiff in error.

William M. Franklin, for defendant in error.

McNEILL, J. It appears that the defendant in error instituted suit in the district court of Oklahoma county against M. H. Stephens Produce Company, a corporation, Jesse C. Deaver, and K. Rutledge to recover damages alleged to have been sustained by her in an automobile accident in which K. Rutledge was operating the automobile of said Deaver, and in said action recovered a judgment against K. Rutledge in the sum of $800. The action was dismissed as to the M. H. Stephens Produce Company and Jesse C. Deaver. This judgment became final. No appeal was taken therefrom. On May 15, 1929, the plaintiff, Goodman, filed an affidavit and petition for garnishment in the district court of Oklahoma county, wherein the Ohio Casualty Company, a corporation, the plaintiff in error, was made garnishee. Said plaintiff alleged the recovery of said judgment; that the same had not been paid; that execution had been issued thereon and returned unsatisfied; that the Ohio Casualty Insurance Company, a corporation, did, on the 2nd day of November, 1927, which was prior to the recovery of said judgment and the accident in question, issue a policy of insurance in favor of M. H. Stephens Produce Company, a corporation; that by the terms of the rider attached to said policy, said garnishee was liable to K. Rutledge and that by reason of said liability to said Rutledge the said garnishee was subject to garnishment in the amount of said garnishee judgment recovered by plaintiff against said Rutledge.

It is not disputed that said Deaver was the owner of the car, and that Rutledge, his stepson, caused the accident in question. Deaver was asleep at the time Rutledge took the car and had not given him permission to use it on this particular occasion. It appears that Rutledge had driven the car for a long period of time and had the keys to the car and apparently had the consent of Deaver to use the car whenever he desired. This case must be determined from the rider or indorsement and the force and effect of section 6 of the policy, providing for extended coverage. The rider is as follows:

"In consideration of the premium paid, it is understood and agreed with the named assured and the company that some of the cars covered by this policy are owned and controlled by officers and employees of the named assured.

"It is also understood and agreed between the company and the named assured, that notwithstanding the terms and conditions stated in the policy to the contrary, this policy shall protect the interest of the car owner in the same manner and to the same extent that it protects interest of the named assured."

The extended coverage clause is as follows:

"Extended Coverage: (6) That any insurance granted under section II hereof, shall, in addition to the named assured herein, inure to the benefit of any person, except chauffeurs and domestic servants, lawfully operating the automobiles described in statement II, of the schedule of statements, as well as to the benefit of any person, firm or corporation legally responsible for the operation of said automobiles, but only while said automobiles are being used with the express or implied consent of the assured named in the policy, or of an adult member of said assured's household, for the purpose specified in statement IV of the schedule of statements."

As we interpret this policy, the provisions as found in the rider protect the interest of the car owner to the same extent that it protects the interest of the named assured. The named assured in the policy is the M. H. Stephens Produce Company. The owner of the car is J. C. Deaver. The car was insured for both business and pleasure. Rutledge was on no business or mission for Deaver at the time of the accident, but on a private trip of his own. There is nothing

in the rider or indorsement whereby, under the facts in this case, the garnishee would be liable on account of any tort committed by Rutledge.

We consider the extended coverage clause, which provides among other things that any insurance granted under said section II, being the rider or indorsement, shall in addition to the named assured herein inure to the benefit of any person, etc., lawfully operating the automobile described in statement II of the schedule of statements, etc., but only while said automobile is being used with the express or implied consent of the assured named in the policy, etc. It is to be observed that said extended coverage clause does not include the owner of the car. Had the parties to the contract desired this extended coverage, which permitted the car to be operated by the express or implied consent of the assured named in the policy and the owner of the car, it would have been easy to have incorporated such provision in said policy. This coverage clause did not apply to the owner of the car. Counsel for plaintiff in error have cited no authority on this proposition, but have stated in their brief that they are unable to do so after an extended search. No applicable authorities have been cited by the defendant in error on this question.

We conclude that the extended coverage clause is not applicable to the owner of the car under the facts and circumstances as revealed by the record. There is nothing in the rider attached to the policy or any other provision therein whereby the garnishee, the Ohio Casualty Company, is liable to the said Rutledge.

The cause is reversed and remanded, with instructions to dismiss plaintiff's cause of action.

CULLISON, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur. LESTER, C. J., and CLARK, V. C. J., not participating. RILEY and HEFNER, JJ., absent.