JOHN RIKOWSKI, STEPHEN RIKOWSKI AND JOSEPH MAR-SIEFSKY, PLAINTIFFS-APPELLANTS, v. FIDELITY AND CASUALTY COMPANY OF NEW YORK, A CORPORATION OF THE STATE OF NEW YORK, DEFENDANT-RESPONDENT.

Submitted May 15, 1936—Decided June 4, 1936.

Before Justices BODINE and HEHER.

For the plaintiffs-appellants, *Francis X. Kenneally* and *Louis G. Flachbarth.*

For the defendant-respondent, *Biro & Strell* and *Frank G. Turner.*

BODINE, J. The plaintiffs had judgment against Raymond Puoro, chauffeur for Anna S. Iuliani. Execution being returned unsatisfied, the present action was brought under the statute (*Pamph. L.* 1924, *p.* 352) against the Fidelity and Casualty Company of New York, who had insured Mrs. Iuliani. The policy provided that protection, under the terms thereof, should be extended to any other person legally operating the automobile insured "with the permission of the assured named in the policy, or with the permission of an adult member of the named assured's household, other than

a chauffeur, domestic servant, or other employe of the assured."

It appears that on the day of the accident, Puoro had taken his employer to Bamberger's department store in Newark. There being no place to park the car, she told him to find a place for parking and to return for her in an hour. He, however, drove several blocks along Washington street, where the store was situated, and met some friends. While driving them home he collided with the automobile in which the plaintiffs were riding, causing the injuries for which recovery was had against him.

The trial judge decided that the operator of the car having deviated from his employment the operation of the car was without the permission of the named assured and relied for this authority upon *Nicholas* v. *Independence Indemnity Co.*. 165 *Atl. Rep.* 868. In this we think there was error. In that case, there was no permission to operate the car at the time of the accident. In the case before us there was permission to operate the car and the policy, by its express terms, was made to cover as an insured, the chauffeur who was driving the car, with the permission of his employer.

In *Horn* v. *Commonwealth Casualty Co.*, 105 *N. J. L.* 616, 617, it was stated that "it is to be noted that under the terms of the policy the word 'assured' means anyone using the car described in the policy with the permission of the named assured, or any adult member of her household other than an employe." Such provision puts the operator, with permission, within the very terms of the policy. Therefore, deviation from instructions is not material. Such policies are frequently issued and are intended to cover the permitted operator wherever he is going. A parent holding such a policy would be indeed shocked to learn that it did not protect his son while driving with his permission unless he proceeded according to precise instructions.

The policy is intended to include within its terms, not only the owner of the car but the persons driving with permission. There are no words limiting the insurance to instances where the permitted driver was driving upon the car owner's busi-

ness. The broad general words would be meaningless, if it were necessary to determine in every case whether the driver, with the assured's permission, was proceeding within the scope of the owner's business. The policy was clearly intended to cover the owner of the vehicle and also the operator with the requisite permission. Such driver, as much as the owner, is assured against loss and the party injured may have the benefit of the insurance.

In *Osborn* v. *New Amsterdam Casualty Co.*, 111 *N. J. L.* 358, the terms of a policy of somewhat similar import were examined, and it was held that there could be recovery even though the person operating the car with the consent of the named assured was not a licensed driver. See, also, *Steinrock* v. *Hartford Accident, &c.*, 115 *Id.* 180.

Numerous authorities are collected on this subject in the report of *Stovall* v. *New York Indemnity Co.*, 157 *Tenn.* 301; 72 *A. L. R.* (at *p.* 1375).

"Where automobile liability insurance policy extended indemnity to third parties driving with assured's permission, and permitted, suit against insurer by persons injured by operation of the car, held, that deviations by one permitted to drive home to change his clothes did not destroy insurer's liability for death of driver's guests." *Dickinson* v. *Maryland Casualty*, 125 *Atl. Rep.* 866.

If we read into the policy the name of the person who was driving with the permission of the named assured, as we may by reason of the terms of the policy, there should have been a recovery. *Fried* v. *London Guarantee and Accident Co.*, 242 *N. Y. Supp.* 60. The same rule prevails in Massachusetts. *Guzenfield* v. *Liberty Mutual Insurance Co.*, 190 *N. E. Rep.* 23.

Although the rule in Pennsylvania is somewhat to the contrary (*Brower* v. *Employers' Liability, &c.*, 177 *All. Rep.* 826), we think the view adopted in this state, that the driver in possession, with the permission of the named assured, is covered gives full expression to the terms of the contract as evidenced by the written policy in suit.

Judgment is reversed.