## LLOYDS AMERICA v. TINKELPAUGH et al.

No. 28490.     March 7, 1939.

Gibson & Savage and Sam Glassman, for plaintiff in error.

Morrison & Bannister, for defendant in error.

HURST, J. Tinkelpaugh obtained a judgment against Griffith for personal injuries arising out of an automobile accident in which the car driven by Griffith was owned by one Earl E. Barnes, who gave Griffith permission to use the car. After execution was returned "no property found," the plaintiff proceeded in garnishment against Lloyds America, an insurance company, which had issued an automobile accident insurance policy to Barnes. The garnishee answered in substance that it had issued the policy, but that it did not, by virtue thereof, become obligated to satisfy the plaintiff's judgment rendered against defendant Griffith. Plaintiff took issue with this answer, and the issues were made up and tried to the court. Judgment was rendered for plaintiff, and the garnishee appeals.

It is first urged that Earl E. Barnes was not a named assured so that he could give Griffith permission to use the car and render the insurance company liable for damages arising from the accident. There is no merit in this contention. The named assured were "Earl E. Barnes and/or D. C. Barnes, and/or El Reno Poultry & Egg Company." Employer's Mut. Liability Ins. Company of Wisconsin v. Tolleson (1935, Wis.) 263 N. W. 376. Barnes was a "named insured" having authority to grant permission to Griffith to use the car. The case of Ohio Casualty Ins. Co. v. Goodman (1932) 163 Okla. 243, 22 P.2d 997, relied on by garnishee, is not applicable here because there the only named insured was a corporation.

The insurance company next contends that it is not liable because Griffith deviated from the permissive use of the car so as to exclude him from protection under the omnibus clause, which protects any person while using the automobile provided "the actual use in each instance is with the permission of the named insured." The material facts are these: At about 9 p. m. the evening of the accident, Griffith was at the home of Earl E. Barnes, some 12 blocks south of the business district in El Reno, and remarked that he had an appointment with a dentist and must call a taxi. There-

upon, Barnes remarked, "Well you can take my car," and gave him the keys. Nothing further was said, and Griffith drove the car by the dentist's home and took him to the dental office, where a tooth was extracted. Thereafter, the dentist requested Griffith to drive him to his sister-in-law's home, which Griffith agreed to do. Griffith was bleeding profusely when he left the dentist's office and the dentist advised him to stay out in the air until the bleeding stopped, and suggested that they drive around a bit. They then drove about 13 blocks northwest of the dentist's office to a barbecue stand, where they stayed 20 or 30 minutes. The car began giving them some trouble and they ordered some gasoline brought out. After getting the gasoline, they started back on the street on which they had gone out, and when they were within a few blocks of the dentist's office, on the way to the dentist's home, at about 11:15 p. m., the accident occurred.

The question here is, whether, under the facts of this case, Griffith at the time of the accident was driving the car "with the permission of the named insured." The trial court held he was. There are three lines of authorities on this question under the usual omnibus clause, (1) those holding any deviation, no matter how slight, will defeat liability; (2) those holding that once permission is given, it will extend to any and all uses of the car; and (3) those holding that slight deviation does not violate the omnibus clause. We think the third, on both reason and authority, is the better rule, and that the trial court correctly decided that Griffith was using the car with the permission of the named assured. Here there was no express limitation on the use of the car as to time, place or purpose. True, it may be said that there was an implied limitation that there would be a reasonable use as to time and place and that the purpose was to go to the dentist's office and return. Barnes' purpose in permitting Griffith to use the car was that he might get the dental work done. The deviation was at the suggestion of the dentist, for the benefit of Griffith and as a part of the treatment. The deviation was only slight, was not unreasonable as to time, place or purpose, and was not sufficient to defeat liability. Dickinson v. Maryland Casualty Co. (1924, Conn.) 125 Atl. 866, 41 A. L. R. 500; Rikowski v. Fidelity & Casualty Co. (1936, N. J.) 185 Atl. 473; Theriot v. Tassin (1933, La.) 146 So. 729. The question as to whether the deviation is slight so as not to relieve the insurer of liability, or unreasonable so as to relieve it, depends upon the peculiar facts and circumstances of each case. Cypert v. Roberts (1932, Wash.) 13 P.2d 55. It is not always easy to draw the line as shown by the cases analyzed in 72 A. L. R. 1375 and 106 A. L. R. 1251. This case is not like those where the deviation was many miles or to a different town or after the expiration of the time limited for the use of the car, as in Indemnity Ins. Co. of North America v. Sanders (1934) 169 Okla. 378, 36 P.2d 271; Frederiksen v. Employer's Liability Assur. Corp. (1928, C. C. A.) 26 F.2d 76; Truex v. Pennsylvania Mfrs.' Ass'n Casualty Ins. Co. (1935, Pa.) 176 Atl. 756; Brower v. Employer's Liability Assur. Co. (1935, Pa.) 177 Atl. 826; Cypert v. Roberts, supra.

3. Since, as we have held, Griffith was using the car within the scope of permission at the time of the accident, garnishee's contention that the court improperly overruled its demurrer to plaintiff's evidence, for the reason that the evidence did not show the car was being used at the time of the accident for any purpose or in any manner for anything incidental or associated with the purpose for which the use of the car was granted, is without merit.

Affirmed.

BAYLESS, C. J., WELCH, V. C. J., and GIBSON, DAVISON, and DANNER, JJ., concur. RILEY, OSBORN, and CORN, JJ., absent.