DUKE ANDERSON DRILLING CO. v. SMITH et al.

No. 31016. Sept. 28, 1943.

*141 P. 2d 565.*

Butler & Rinehart, of Oklahoma City, for plaintiff in error.

Cruce, Satterfield & Grigsby and Ben Franklin, all of Oklahoma City, for defendants in error.

BAYLESS, J. Duke Anderson Drilling Company obtained a judgment in the court of common pleas of Oklahoma county against one Smith and Highway Insurance Underwriters; but thereafter the trial court sustained the motion for judgment notwithstanding the verdict of Highway Insurance Underwriters and then sustained Smith's plea to the venue of the action. Drilling Company appeals assigning one proposition combining the rulings just mentioned. The bulk of Drilling Company's brief is devoted to a discussion of the proposition of law involved in the motion for judgment notwithstanding the verdict, but in closing its argument it suggests that if the ruling of the trial court be held to be erroneous, the matter be reversed with directions to enter judgment according to the verdict of the jury. From this we conclude that it is Drilling Company's purpose to obtain a reversal as to both defendants.

The record before us contains only the pleadings and the judgment and orders of the trial court, thus limiting the issues presented to one of law leveled at the sufficiency of the pleadings.

In the second amended petition, on which the action was tried, Drilling Company makes the following allegations:

"That on the 22nd day of July, 1941, a truck owned by plaintiff was struck near Stroud, Oklahoma, in such a position that it could not be moved out under its own power; that plaintiff made a verbal agreement and contract with the defendant Norb Smith, and that said defendant agreed to move said truck onto the highway; that the defendant Norb Smith attempted to so move said truck by means of a truck owned by him and that in so operating his truck, the defendant Norb Smith operated said motor equipment in an unskillful and negligent manner, which resulted · in damage to plaintiff's truck and loss of use of said truck. . . . That the defendant Norb Smith, at the time of said accident, had obtained insurance with the defendant Highway Insurance Underwriters whereby the said Highway Insurance Underwriters have agreed to pay to any person damaged by the use of the motor equipment belonging to or used by Norb Smith the amount of said damages, said

policy of insurance being hereto attached, marked Exhibit 'A' and made a part of this petition."

We observe that the policy of insurance referred to as Exhibit "A" contains the following provisions which bear directly upon the issue of law presented, towit: "The automobile will be principally . . . used . . . for transportation and delivery of merchandise for compensation within State of Oklahoma only, and only over routes as authorized by Corporation Commission of Oklahoma"; and "(Item I) the occupation of the named insured is Trucking"; and "Item V. The purposes for which the automobile is to be used are commercial . . . (b) the term 'commercial' is defined as the transportation or delivery of goods or merchandise and other business uses in connection with the insured's business occupation as expressed in Item I," and "Coverage 'B'—Property Damage Liability—To pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages, because of injury to or destruction of property, including the loss of use by accident and arising out of the ownership, maintenance or uses of the automobile"; and,

"The policy to which this endorsement is attached is written under and pursuant to the provisions of the Laws of the State of Oklahoma requiring the same and it is to be construed in accordance therewith and the rules and regulations of the Corporation Commission of Oklahoma and implies an acceptance of such rules and regulations, and is payable to the State of Oklahoma for the benefit of all persons who may suffer personal injuries, including death, or property damage (excluding injury to or death of the insured's employees while engaged in the course of their employment and loss of or damage to property of the insured and property transported by the insured, designated as cargo), due to any negligence of the assured, his/its agents, employees, or representatives in the operation or use of any motor vehicle under any permit or certificate of public convenience and necessity granted by or coming within the jurisdiction of the Corporation Commission of the State of Oklahoma.

"In consideration of the premium stipulated in the policy to which this endorsement is attached, the insurer hereby waives a description of the motor vehicles operated or used in said operation and agrees to pay any final judgment rendered against the insured for personal injuries, including death, or damage to property of others (excluding injury to or death of the insured's employees while engaged in the course of their employment and loss of or damage to property of the insured and property transported by the insured, designated as cargo), due to the negligence of said assured his/its agents, or employees, or representatives, in the operation or use of any motor vehicle, whether listed in the original schedule of motor vehicles filed with the original application for permit or certificate or described in the policy, or it be an additional, substituted or emergency vehicle operated by the assured his/its agents or employees within the limits of the schedule hereinafter set out, . . . On any motor vehicle operated or used for the transportation of freight or express, or both, . . ."

The last-quoted provision is taken from Form "E," which is prescribed by the Corporation Commission of Oklahoma as a uniform provision to be included in all such policies of insurance issued in connection with certificates of convenience and necessity.

The effect of the ruling of the trial court was to say that the damage done to the truck of the Drilling Company under the circumstances alleged in its second amended petition was not within the coverage provisions of the policy. The general proposition urged by the Drilling Company is that the purport of the policy of insurance as above quoted is to insure all persons who may suffer property damage due to the negligence of the insured "in the operation or use" of the motor vehicles covered by the policy, and it contends that the allegations of its second amended petition clearly show a property damage to it by reason of the negligence of Smith in "the operation and use" of his truck.

Highway Insurance Underwriters has divided its argument against the propo-

sition advanced by Drilling Company into three parts. Part 1 goes to.the question of whether the Form "E" indorsement, which includes the last-quoted portion of the contract, was attached to the policy of insurance so as to cover the accident in question in relation to time. The view we take of the other propositions renders it unnecessary to discuss this proposition.

The propositions 2 and 3 will be discussed together, although in the manner in which they are presented by Highway Insurance Underwriters they differ somewhat with respect to the period covered, based on the matters argued in proposition 1. Briefly, these two contentions are that the policy of insurance, with or without indorsement "E", does not cover the accident in question. These propositions stated in this manner go directly to the general proposition urged by Drilling Company.

Drilling Company quotes from Appleman, Automobile Liability.Insurance, page 74, to the effect that the words maintenance or operation or uses, individually or collectively, are to represent broad and sweeping interpretations, making any contract of insurance wherein they appear to read liberally in favor of the person covered and to reject narrow transposition that would exclude the reasonably comprehensive purposes of the insured in obtaining the contract of insurance. The author does go on to say there have not been enough decisions by the courts to permit real generalization on the rule, but he does cite several cases. The parties have cited and discussed some of those cases, and there is but one that we think has any real bearing on this case. That is, Christian v. Royal Insurance Co., 185 Minn. 180, 240 N.W. 365. In that case a truck covered by insurance was stuck, and a tractor was attached to it for the purpose of extricating the truck by means of the power of both vehicles. In the ensuing operations the tractor overturned and killed a man. These operations were held to be reasonably within the use of the truck. It can be seen that the analogy is not complete, and the

discussion serves to disclose the correctness of Appleman, supra, that there are not enough decisions to permit the statement of a general rule.

It is to be observed from the above-quoted provisions of the contract that whenever the use was stated to which the automobile was to be put for which it would be covered under the contract, it was stated to be the transportation and delivery of merchandise, or trucking, or commercial, in the sense of the transportation and delivery of merchandise; and in the schedule of Form "E", on which so much stress is placed, the operation or use is stated to be for the transportation of freight or express or both. The use out of which the accident and damage arose was not the transportation of merchandise or freight or express, but was the use of the automobile as motive power to extricate a truck from a creek wherein it had fallen due to the collapse of a bridge. We see nothing in the contract provisions relating to the use to which the automobile is to be put that can reasonably be construed to include the operation or use of the automobile for hire as a wrecker or salvage or tow car.

Highway Insurance Underwriters cite a number of authorities, including New Amsterdam Casualty Co. v. State Industrial Comm., 80 Okla. 7, 193 P. 974, wherein a policy of casualty insurance covering employees engaged in "work usual and necessary to a wholesale hat and millinery store" was held not to be subject to extension by implication to cover a man engaged in plaster repair work in the building where the insured conducted the millinery business. Another case is that of Heritier v. Cent. Indem. Co., 109 N.J.L. 313, 162 Atl. 573, in which a policy of insurance written to cover motor vehicles "incidental to business of funeral director" was held not to cover such vehicles when being used by a wedding party. The language used in C. E. Carnes & Co., Inc., v. Employer's Liability Assur. Corp., 101 Fed. 2d 739, is very apt to the situation before us. We quote:

"When the first policy of insurance

was issued . . . the assured was engaged in the business of 'handling farm machinery, Crane Fixtures & Paints.' Crane Fixtures consisted of 'plumbing, fixtures and pipe and general hardware line of the Crane type.' At that time butane gas was not handled by Carnes & Company. It was not in the minds of the parties when this contract of insurance was entered into. . . . nowhere in the contract is it suggested or remotely intimated that the coverage was to include butane gas. It is not hidden away; it is not in the writing; the evidence does not set it between the lines. Plain and unambiguous is the coverage: 'handling Farm Machinery, Crane Fixtures & Paints.' The coverage of butane gas is not there. . . .

"If we can bring ourselves to read into this insurance contract a coverage of butane gas, we can just as readily read into it a coverage for the transportation of gasoline, poisons and dynamite. . . ."

We think the same reasoning applies here. This contract of insurance with its indorsement was designed to protect against damage in the use of the automobile for the transportation of merchandise, etc. If we could hold that this coverage reasonably included the use of this automobile for the purposes out of which accident arose, we could also say it covered the use of the automobile for the transportation of passengers for hire. We think the trial court correctly ruled on the motion for judgment notwithstanding the verdict.

The judgment is affirmed.

CORN, C. J., GIBSON, V. C. J., and RILEY, WELCH, HURST, and DAVISON, JJ., concur. OSBORN and ARNOLD, JJ., absent.