**NORTHWESTERN MUTUAL INSURANCE COMPANY OF SEATTLE, Plaintiff in Error,**

v.

**Frederick M. RICHARDSON, Guardian, ad litem for the defendant, Michael Lewis Richardson, and Barbara Sue Wilson, Defendants in Error.**

**No. 42619.**

Supreme Court of Oklahoma.

May 26, 1970.

As Corrected May 28, 1970.

Covington, Gibbon & Poe, Richard D. Gibbon, John A. Gladd, Tulsa, for plaintiff in error.

Church, McDaniel & Roberts, Donald Church, Dale McDaniel, Tulsa, for defendants in error Barbara Sue Wilson.

DAVISON, Justice.

The parties are referred to as they appeared in the trial court.

The present action was brought by Barbara Sue Wilson, as plaintiff, by garnishment against the garnishee, Northwestern Mutual Insurance Company of Seattle, for $3870.00.

Plaintiff alleged that the garnishee is liable to the plaintiff, under the terms of an insurance policy issued to Frederick M. Richardson, for injuries sustained by her growing out of an automobile accident caused by Michael Lewis Richardson, the minor son of Frederick M. Richardson.

The original action by plaintiff was against Frederick M. Richardson, Guardian ad litem for the defendant, Michael Lewis Richardson. In the original action, pertinent to the present case, plaintiff was awarded judgment against said defendant in the sum of $3870.00.

The present action involves the liability under an insurance policy issued on May 23, 1963, by the garnishee in favor of Frederick M. Richardson covering a 1938 model Chevrolet automobile. The policy contained the standard provisions and, in addition, had an attached endorsement pertaining to "Antique Private Passenger Automobiles" reading as follows:

> "It is agreed that such insurance as is afforded by the policy for bodily injury liability, for property damage liability and for basic medical payments applies with respect to the private passenger automobile described below or designated in the policy as subject to this endorsement provided its use is solely for exhibitions, club activites, parades or other functions of public interest and occasionally for other purposes including operation to and from the place of garaging or servicing and not primarily for the transportation of passengers over any public street or highway."

The crux of the appeal involves the interpretation to be placed on this endorsement based upon the evidence in the case.

We must determine the meaning of the words "and occasionally for other purposes," and "not primarily used for the transportation of passengers" as used in connection with the facts of the case.

Some of the undisputed facts leading up to the issuance of the policy are that Frederick M. Richardson and a Mr. McLemore had known each other for a number of years and that Mr. McLemore was a general policy writing agent for garnishee; that Mr. McLemore had issued a number of insurance policies to Mr. Richardson; that Mr. Richardson and his son Mike, a minor 16 years of age, had discussed buying an antique car for several months; and that Richardson discussed the antique endorsement with Mr. McLemore.

Leading up to the issuance of the policy Mr. Richardson testified as to his conversation with Mr. McLemore, in part, as follows:

"Q. Mr. Richardson, when you went down to buy this policy, what did you tell Mr. McLemore?

A. That I wanted some antique car insurance. When I first asked him he didn't know anything about it but he said he would find out, and he did look it up.

Q. How many days later did you purchase this policy?

A. Two, possibly three days later.

Q. Did you ever tell him the car would be used for anything other than an antique automobile?

A. I told him we were restoring the car."

In substance, Mr. McLemore informed Mr. Richardson that the car could be driven 1500 miles a year and that such mileage would be considered as an occasional use. This was not denied by Mr. McLemore. The evidence disclosed that at the time of the accident the car had been driven several hundred miles on "occasional use" but not anything near 1500 miles.

The testimony further revealed that after the purchase of this 25 year old car it was never used in a parade. However, testimony was offered to show that the car was in a run down condition and that a considerable amount of driving was to and from various auto salvage lots trying to find parts in an effort to get the vehicle in shape where it could be safely driven in a parade; that on five occasions Mike drove the car to his high school to work on it during his auto mechanic's class.

That on the night of the collision Mike had permission to drive the car to his girl friend's house for study and was supposed to return home thereafter. However, on his return home he decided to go out of his way several blocks to a music store and while on his way to the music store the accident happened.

At the conclusion of plaintiff's testimony the garnishee offered no witnesses. Garnishee demurred to plaintiff's testimony and asked for a directed verdict and after both were overruled the trial court entered judgment for plaintiff.

On appeal the garnishee assigns three propositions as errors, which are as follows:

### "PROPOSITION ONE"

"The Court was in error in finding that there was coverage under the subject insurance policy as the insured vehicle was involved in an accident at a time when the vehicle was being used in violation of a specific restriction of the policy."

### "PROPOSITION TWO"

"The contract of insurance is void for material misrepresentations by the insured made in procuring the contract of insurance."

### "PROPOSITION THREE"

"Michael Lewis Richardson was not an 'insured' under the policy terms, nor was he a 'permissive user' of the vehicle at the time of the accident and was not within the scope of any authorized or

permissive use at the time of the accident."

■ Under its Proposition One garnishee argues that the policy was not effective for the reason that after the purchase of the policy the car was never used for any of the purposes covered but was used almost entirely in violation of the policy, and that at the time of the accident was being used in violation of the restrictive use.

In support of the above proposition garnishee cites and relies on the case of Duke Anderson Drilling Co. v. Smith, 193 Okl. 107, 141 P.2d 565. This case is not helpful to us. There the policy covered motor equipment of defendant used for "commercial purposes" and the term "commercial purposes" was particularly defined as "the transportation or delivery of goods or merchandise." The policy did state that the automobile will be used principally for transportation and delivery of merchandise. The facts in that case disclosed that plaintiff's truck was stuck and could not be moved out under its own power and the plaintiff made a contract (for pay) with the insured to move the truck onto the highway; that the insured attempted to so move the truck by means of a truck, and in the operation thereof, operated his truck in such a negligent unskilled manner resulting in the damage to plaintiff's truck. The insurance company was joined as a party defendant. This court held in favor of the insurance company on the theory that the work being done for plaintiff by the insured was outside of the coverage provided for in the policy. We are of the opinion that the case is not applicable to the facts in the present case.

■ Garnishee also cited and relies on the case of Carnes & Co., Inc. v. Employers Liability Assurance Corporation, 101 F.2d 739. In that case the policy was issued to the assured for commercial purposes and the term "commercial" was defined as transportation or delivery of goods, merchandise or other materials, and uses incidental thereto, in direct connection with assured's business which was described as "Handling Farm Machinery, Crane Fixtures & Paints." While the policy was in effect the assured placed on its truck a removable metal tank containing five hundred gallons of liquid butane gas. The assured's employees, in unloading the tank from the truck, broke off the valve cock. The liquid escaped, spread and became ignited and injured a number of people. The insurance company was held harmless under its policy for the reason that the policy was held to be plain and unambiguous and did not cover hauling of butane gas. The case is not applicable to the present case, for in the case at bar we have before us a question of ambiguity in the policy and facts involving the ambiguity.

In the present case we are of the opinion that the endorsement is ambiguous in that it states, "and occasionally for other purposes," without defining the word "occasionally." The only yardstick we have to measure the term "occasionally" under the facts before us is the testimony of Mr. Richardson with the agent of the garnishee, at the time of the application and before the policy was written regarding what constituted an occasional use. The evidence showed that the agent represented to Mr. Richardson that an occasional use was a limitation as to miles and that it meant usage of not to exceed 1500 miles a year. The evidence disclosed that much less than 1500 miles had been made.

The agent was well informed by Mr. Richardson that the insured car was antique, that it was to be restored and after proper restoration was to be used for the purposes of an antique car.

■ In the case of Lumbermen's Mutual Casualty Company v. Iowa Home Mutual Casualty Company, Okl., 405 P.2d 160, on page 163 of the opinion, the court said:

"In Globe & Rutgers Fire Ins. Co. v. Roysden, 208 Okl. 660, 258 P.2d 644, we held:

'A soliciting agent of insurer is insurer's agent in taking applications,

with power and authority as to such applications, and acts performed or knowledge received and acted upon by him in connection with application are binding on insurer, in absence of fraud or collusion between agent and applicant.'

In Hartford Fire Insurance Company v. Martin, Okl., 381 P.2d 877, we said that it is an established rule in this jurisdiction that where the agent of an insurance company is given authority to take applications for the company's policies, knowledge of material facts, acquired by him in doing so, is imputed to the company."

■ The facts hereinbefore stated answers garnishees' second proposition of error. The evidence was sufficient to show that Mr. Richardson informed the agent of garnishee of the reasons and purposes for the issuance of the policy. He disclosed to the agent that both he and his son thought the car would be a mutual benefit to them both. That the project would keep his son's mind occupied. The evidence does not show that Mr. Richardson made any misrepresentations to the agent. On the contrary, the evidence shows a full disclosure to the agent of the facts leading up to the issuance of the policy. Neither does the evidence disclose any misunderstanding or collusion between these persons.

■ Under the third proposition presented by garnishee the trial court found that Mike had permission to operate the car on the night of the collision and held "that although there may have been a slight variance in the purpose of the trip, I felt under the cases that were cited to me there was only a slight deviation as defined by these cases, and therefore there was coverage under the policy."

There was sufficient evidence for the trial court to make this finding. Lloyds of America v. Tinkelpaugh, 184 Okl. 413, 88 P.2d 356.

Essentially, the trial court decided the involved question as a factual one and there is sufficient evidence to support its findings and judgment.

Judgment affirmed.

BERRY, V. C. J., and WILLIAMS, BLACKBIRD, JACKSON, HODGES, LAVENDER and McINERNEY, JJ., concur.