Mary Sue CULIE and Thulia B. Culie,
Plaintiffs–Appellants,

v.

Jeffery Duane ARNETT and
Productions Services, Inc.,
Defendants,

and

Home Insurance Company,
Garnishee–Appellee.

No. 65077.

Supreme Court of Oklahoma.

Nov. 22, 1988.

Bert A. Richards, Jr., Richard, Combs & Nash, Guthrie, for plaintiffs-appellants.

James M. Robinson, Robert C. Smith, Jr., Monnet, Hayes, Bullis, Thompson & Edwards, and Burton J. Johnson, Looney, Nichols, Johnson & Hayes, Oklahoma City, for garnishee-appellee.

OPALA, Justice.

This case presents but one issue: Is the employer's public liability carrier subject to garnishment by a plaintiff who had recovered judgment against the employee alone while the insured employer—though a party defendant in the suit—stood protected from exposure to litigation process by the bankruptcy law's automatic stay? We answer in the negative.

The appellants, Mary Sue Culie and Thulia B. Culie [collectively called Culie], sued Jeffery Duane Arnett [Arnett or employee] and Production Services, Inc. [employer or insured], Arnett's employer, for damages from an automobile collision in which Arnett was driving his employer's vehicle. Culie sought default judgment against both defendants but prevailed against only Arnett. The employer, who had meanwhile sought discharge in bankruptcy, was protected from state-court proceedings by the federal law's automatic stay.[1]

Rendering its judgment for Culie, the trial court found that 1) at the time of the collision Arnett was an employee of Production Services, Inc., 2) he drove a vehicle owned by his employer, and 3) his gross negligence caused the collision. While the judgment is silent regarding the employer's liability, the trial court expressly recognized the employer's status as a debtor in

---

1. See 11 U.S.C. § 362(a), *infra* note 18.

bankruptcy and abstained from affecting its rights by the suit's adjudication.[2]

Culie later sought to satisfy the judgment against Arnett by garnishing Home Insurance Company [insurer], whose liability was to be predicated on the coverage provided for the employer to protect it from third-party claims. The matter was placed on the trial court's "motion docket," and at the hearing neither party tendered any exhibits or testimony.[3] The trial court denied the garnishment. The Court of Appeals reversed the order because 1) the insurer had received sufficient notice before judgment was taken against Arnett and 2) the findings made in that judgment, coupled with the insurer's answers to interrogatories in the garnishment proceeding, established the employer's and hence also the insurer's liability to Culie. We now grant certiorari on the insurer's petition, vacate the Court of Appeals' opinion, and affirm the trial court's postjudgment order denying the garnishment.

In a garnishment proceeding the judgment creditor stands in the shoes of the judgment debtor to enforce a liability owed to the latter by a third party—the garnishee. The former may claim no greater rights against the garnishee than the latter himself possesses.[4] A debt subject to garnishment must be owing absolutely at the time the summons is served upon the garnishee.[5] In *this postjudgment* garnishment proceeding Culie's demand against the insurer for payment of the judgment against Arnett was predicated *solely* on the employer's *respondeat superior* or vicarious liability for Arnett's negligence. *No other theories* were pressed for imposing an obligation on the insurer.[6] Because the employer was not a party to the judgment below, the threshhold question now to be answered is whether Culie's judgment against *Arnett, standing alone,* establishes *the insured employer's* liability for Arnett's negligence and hence triggers its insurer's indemnity obligation.[7] We hold that it does not.

Culie argues that 1) they were denied the right to try the issues raised by the gar-

---

**2.** The judgment against Arnett states that "Production Services, Inc., having Bankruptcy proceedings pending, is stricken from this docket." That ruling is followed by a finding that Arnett was an "agent, servant or employee" of Production Services, Inc. *Because the employer was explicitly excluded from any obligation imposed by the judgment, it is neither bound by the finding of Arnett's employment nor precluded from later challenging the existence of the relationship that is recited in the journal entry.* Cf. *Henderson v. Eaves,* Okl., 516 P.2d 270, 273 [1973].

**3.** The Court of Appeals *correctly observed* that, based on the record, Culie tendered *no evidence* to the trial court, made no jury trial demand, and sought neither a continuance to prepare for a trial nor time to brief any question of law.

**4.** *Ray v. Paramore,* 170 Okl. 495, 41 P.2d 73, 76 [1935].

**5.** 12 O.S.1981 § 1186 (Fourth), *infra*; *Ray v. Paramore, supra* note 4, 41 P.2d at 77; and *Jackson v. Welch,* Okl., 545 P.2d 1254, 1257 [1976].

The terms of 12 O.S.1981 § 1186 (Fourth) provide:

"No judgment shall be rendered upon a liability of the garnishee arising—
* * *
Fourth, By reason of any money or other thing owing from him to the defendant, *unless*

before judgment against the defendant it shall become due absolutely and without depending on any future emergency.*" [Emphasis added.]

**6.** See *infra* notes 16 and 17.

**7.** See 12 O.S.1981 § 1182, *infra; Moral Ins. Co. v. Steves,* 208 Okl. 529, 257 P.2d 836, 838–840 [1953]; and *infra* note 8.

The pertinent terms of 12 O.S.1981 § 1182 provide:

"The proceedings against a garnishee shall be deemed an action by the plaintiff against garnishee and defendant, as parties defendant, and *all the provisions for enforcing judgment shall be applicable* thereto. *No trial shall be had of the garnishee action until the plaintiff shall have judgment in the principal action,* and if the defendant have judgment, the garnishee action shall be dismissed with costs, unless the plaintiff shall perfect an appeal according to law.... The court shall render such judgment in all cases as shall be just to all the parties, and properly protect their respective interests, and may adjudge the recovery of any indebtedness, the conveyance, transfer, or delivery to the sheriff, or any officer appointed by the judgment, of any property disclosed or found to be liable to be applied to the plaintiff's demand, or by the judgment pass the title thereto...." [Emphasis added.]

nishment affidavit and by the insurer's responses both to it and to interrogatories and 2) in any event, garnishment against the insurer should have been allowed in light of those responses.[8]

■ The order denying garnishment states that "[n]either party offered testimony, exhibits or evidence."[9] Culie subsequently filed a motion for new trial, which was overruled, and argued that they were denied an "opportunity to introduce testimony and exhibits; ... to subpoena witnesses; ... to submit briefs on the law of the case; ... to make a record from which an appeal could be taken." Because the trial court's order cannot be impeached by arguments of counsel in a new trial motion, we are bound here by the lower court's record of memorialized proceeding.[10]

Relying on *Greene v. Circle Insurance Company*,[11] Culie submits that the insurer is precluded from disputing its insured's (the employer's) liability. In *Greene*, default *judgment had been taken against the insured*. In a subsequent garnishment proceeding the insurer was held barred from raising any defenses which could have been interposed for the insured in the main action because the insurer undisputedly had notice of the pending action against its insured.[12]

*Greene* clearly is inapposite. Even though here the insurer's notice of the main action also is unquestioned, Culie had obtained *no judgment* against Arnett's employer. The insurer was free to defend the garnishment on whatever grounds were available to its insured.[13]

■ An insurer's liability to its insured can be neither created nor enlarged in a garnishment proceeding.[14] Post-judgment garnishment is available to enforce a judgment debtor's right against a third party.[15] Culie sought to impose on the insurer the employer's alleged liability based on *respondeat superior* without having first obtained a judgment against the employer.[16] Neither the recitation in the judgment that Arnett was in the employer's

8. Culie's interrogatories to the insurer in the garnishment proceeding included 1) whether the policy covered "negligent acts of agents, servants, or employees of Production Services, Inc.," 2) whether Arnett was an "agent, servant or employee of Production Services, Inc." on the day of the collision, and 3) whether the insured (the employer) informed its insurer that Arnett was the driver of the company vehicle involved in that collision. The insurer answered those interrogatories by stating 1) the employer's policy covered liability for the negligence of its agents and employees while acting within the scope of employment, 2) at the time of the collision Arnett was employed by its insured and driving his employer's vehicle, and 3) it had notice of the pending motion for default judgment against Arnett as well as its insured's bankruptcy status and consequently refrained from defending the employer in the main action. The insurer specifically denied that, at the time of the collision, Arnett was acting within the scope of his employment and that he was driving the vehicle with his employer's knowledge or consent.

9. See *supra* note 3.

10. See *State ex rel. Department of Highways v. Lehman*, Okl., 462 P.2d 649, 650 [1969]; *Martin v. Chapel, Wilkinson, Riggs, and Abney*, Okl., 637 P.2d 81, 86–87 [1981]; and *In re Hess' Estate*, Okl., 379 P.2d 851, 859 [1963].

11. Okl., 557 P.2d 422 [1976].

12. See *Greene v. Circle Insurance Company, supra* note 11 at 424. In *Greene* the court adopted from *United States Fidelity & Guar. Co. v. Dawson Prod. Co.*, 180 Okl. 119, 68 P.2d 105 [1937] (syllabus 1), the following rule: One who is legally or contractually obligated to defend another from liability and fails to do so after being given adequate notice and an opportunity to control the litigation's defense is bound by the material facts determined in a judgment against the party indemnified.

13. See *supra* note 2 and *United States Fidelity & Guar. Co. v. Dawson Prod. Co., supra* note 12, 68 P.2d at 107.

14. *Moral Ins. Co. v. Steves, supra* note 7, 257 P.2d at 839.

15. *American Employers' Insurance Co. v. McGeehee*, Okl., 485 P.2d 754, 756 [1971].

16. The trial court's order denying the garnishment mentions negligent entrustment as one of the theories upon which Culie sought to impose liability on the employer in the main action. Had this theory also been invoked in the garnishment proceeding, today's pronouncement would apply with equal force. A prior judgment against the employer on the theory of negligent entrustment would still have been necessary for Culie's garnishment against the employer's insurer.

service when harm occurred nor Culie's mere showing in the garnishment proceeding that Arnett was employed by the insured and was driving his employer's vehicle when the collision occurred establishes the employer's *respondeat superior* liability.[17] The issue whether Arnett was acting within the scope of his employment at the time of the collision has yet to be judicially determined in a manner that would bind the insurer who stands in the shoes of the insured.

A valid judgment could not be rendered against the employer while it stood protected by the automatic bankruptcy stay;[18] the employer's liability for its servant's tort and for a debt that might be owed the employer by the insurer has yet to be established. The trial court correctly viewed the employer as having been placed by bankruptcy law beyond Culie's reach, at least temporarily.[19]

No attempt was made to invoke the bankruptcy court's power to modify or lift the automatic stay to allow the suit's continuation against the employer on condition that its adjudicated liability, if any, be limited to the amount of insurance indemnity.[20] Relief from the automatic stay may be sought by invoking 11 U.S.C. § 362(d).[21]

---

**17.** The Court of Appeals concluded not only that the judgment for Culie establishes that Arnett was negligent while acting on his employer's behalf, but also that the judgment "carries with it the obvious corollary fact that Arnett was a permissive user of the Production vehicle." *Because this view has no record trial to support it, we cannot agree.* Cf. *Oklahoma Farm Bureau Mutual Ins. Co. v. Bryant*, Okl., 318 P.2d 430, 432 [1957]. Culie never inquired whether the policy covered "permissive users"—drivers who might have attained insured status regardless of whether they were acting within the scope of their agency or employment. *No request was ever made below for production of the policy; the record does not contain any portion of that document. Without the policy we cannot determine from this record whether the newly injected "permissive user" theory is available to Culie and hence whether the insured's public liability coverage imposes on the insurer the duty to defend or pay judgments against a permissive driver.* See *Ohio Casualty Ins. Co. v. Goodman*, 163 Okl. 243, 22 P.2d 997 [1933]; *Lloyds America v. Tinkelpaugh*, 184 Okl. 413, 88 P.2d 356 [1939]; *Moral Ins. Co. v. Steves, supra* note 7, 257 P.2d at 840; *Smith v. Government Emp. Ins. Co.*, Okl., 558 P.2d 1160, 1161–1162 [1976]; see generally, Appleman, Insurance Law and Practice, §§ 4325, 4326, 4363; Couch on Insurance 2d (Rev ed) § 45:347; and Travis, "Permissive Use Coverage Under Motor Vehicle Policies," the Advocate (official publication of the Okla. Trial Lawyers Assoc.), Vol. 21, No. 6, Nov./Dec.1988, at 27.

**18.** 11 U.S.C. § 362(a), *infra; Pursifull v. Eakin*, 814 F.2d 1501, 1504–1505 [10th Cir.1987]; and *Otoe County Nat. Bank v. W & P Trucking, Inc.*, 754 F.2d 881, 883 [10th Cir.1985].
The pertinent terms of 11 U.S.C. § 362(a) provide:
"Except as provided in subsection (b) of this section, *a petition filed* under section 301, 302, or 303 of this title ... *operates as a stay, applicable to all entities, of*—

(1) *the commencement or continuation,* including the issuance or employment of process, *of a judicial,* administrative, or other action or *proceeding against the debtor that was or could have been commenced before the commencement of the case under this title,* or to recover a claim against the debtor that arose before the commencement of the case under this title; * * *
(6) *any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;* * * *" [Emphasis added.]

**19.** The bankruptcy court may enjoin suits against the debtor in another court. *Globe Const. Co. v. Oklahoma City Housing*, 571 F.2d 1140, 1143 [10th Cir.1978], certiorari denied, *General Ins. Co. of America v. Oklahoma City Housing Authority*, 439 U.S. 835, 99 S.Ct. 117, 58 L.Ed.2d 131.

**20.** Bankruptcy judges have discretionary power to terminate, annul or modify the automatic stay. 28 U.S.C. § 157(b)(2)(G) and *Pursifull v. Eakin, supra* note 18 at 1504.

**21.** The terms of 11 U.S.C. § 362(d) are:
"*On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay* provided under subsection (a) of this section, such as *by* terminating, annulling, *modifying, or conditioning such stay—*
(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or
(2) with respect to a stay of an act against property under subsection (a) of this section, if—
(A) the debtor does not have an equity in such property; and
(B) such property is not necessary to an effective reorganization." [Emphasis added.]
See also, 2 Collier Bankruptcy Practice Guide (1987) ¶ 38.06. A request to lift the stay can be granted on the creditor's representation that satisfaction of the claim will be sought only to the

In sum, we hold that absent an adjudication of the employer's liability, there is *on this record* no other legal basis for reaching by garnishment the insurer's obligation to the insured employer.[22]

THE OPINION OF THE COURT OF APPEALS IS VACATED, AND THE TRIAL COURT'S ORDER DENYING GARNISHMENT IS AFFIRMED.

DOOLIN, C.J., HARGRAVE, V.C.J., and LAVENDER, KAUGER and SUMMERS, JJ., concur.

HODGES and SIMMS, JJ., concur in result.

ALMA WILSON, J., dissents.

extent of the insurer's indemnity obligation. See *Foust v. Munson S.S. Lines,* 299 U.S. 77, 87, 57 S.Ct. 90, 95, 81 L.Ed. 49 [1936]; *Matter of Holtkamp,* 669 F.2d 505, 508–509 [7th Cir.1982]; *Matter of Nkongho,* 59 B.R. 85, 86 (Bkrtcy.D.N.J. 1986); Collier on Bankruptcy (1988) ¶ 362.07[3]; and Collier on Bankruptcy (1987) Form 11–203 at XI–180; cf. *In re Bock Laundry Mach. Co.,* 37 B.R. 564, 567 [Bkrtcy.N.D.Ohio 1984]; but see, *In re Metro Transp. Co.,* 82 B.R. 351, 354 [Bkrtcy.E.D.Pa.1988].

22. See *Spears v. Preble,* Okl., 661 P.2d 1337, 1342–1343 [1983] and *Ed Hockaday & Co. v. Randolph,* 178 Okl. 234, 62 P.2d 628, 629–630 [1936].